JOSEPH LE POCHAT et al., Plaintiffs, *v.* JAMES PENDLETON, Defendant.

Supreme Court, Special Term, New York County, May 26, 1946.

*Keesing & Keesing* for plaintiffs.

*George A. Garvey* for defendant.

EDER, J. Motion is granted. By this application under sub-division 6 of rule 109 of the Rules of Civil Practice, the plaintiffs move to strike out the first separate defense upon the ground that it appears on the face thereof that it is insufficient in law.

The plaintiffs, husband and wife, were employed by the defendant, as butler and cook, respectively. The complaint contains three causes of action: the first cause of action is brought by the husband to recover damages, alleging that the defendant committed a malicious and wanton assault upon him, causing him to suffer serious injury; the second cause of action is of like nature and is brought by the wife. The third cause of action is brought by the husband for loss of his wife's services as a result of the said assault, for the loss of her society and companionship, and for medical aid and other assistance which she required and will require and for which he paid and will necessarily be required to pay.

The answer is a general denial and as a first defense pleads that the injuries suffered by the plaintiffs arose out of and while in the course of their employment by the defendant; that the defendant obtained workmen's compensation benefits for the plaintiffs and that by reason of section 11 of the Workmen's Compensation Law the liability of defendant as employer as prescribed by section 10 of said Law is exclusive and in place of any other liability whatsoever to such employees. In other words, this affirmative defense pleads that by virtue of said mentioned provisions, the plaintiffs are barred from pursuing their remedy at common law.

In *Barrenbento* v. *Cocker Saw Co.* (266 N. Y. 139) the court held that the operation of the Workmen's Compensation Law is restricted to accidental injuries. Subdivision 7 of section 2 of said Law, entitled " Definitions ", provides: " 7. ' Injury ' and ' personal injury ' mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom."

The question presented is whether an affirmative tortious act, committed by an employer upon an employee, comes within the term " accidental " and whether the injuries suffered in consequence are " accidental injuries ", within the meaning of the Workmen's Compensation Law so as to preclude the injured employee from bringing action to recover damages therefor, because the employer has obtained workmen's compensation benefits for the employee as provided in section 50 of said Law.

" Accidental " is said to be that which happens without design or expectation (*Williams* v. *United States Mut. Acc. Ass'n.*, 60 Hun 580, opinion in 14 N. Y. S. 728, 730, revd. on other grounds *sub nom. Williams* v. *U. S. M. A. Association*, 133 N. Y. 366).

In *Burkhard* v. *Travelers' Ins. Co.* (102 Pa. 262, 268) " accident " is said to be an event proceeding from an unknown cause, or happening without the design of the agent, where the injury was not designed nor the danger known. In *Moyer* v. *Union Boiler Mfg. Co.* (151 Pa. Superior Ct. 477), it is held that an accident within the Workmen's Compensation Act involves an undesigned occurrence.

Malice and wantonness imply and indicate an act done, not accidentally, but intentionally, with design and under circumstances evincing a reckless destructive spirit (Cyclopedic Law Dictionary [1922 ed.], pp. 635, 1070). Design implies and indicates purpose or intention, combined with plan, or implying a plan in the mind (Cyclopedic Law Dictionary [1922 ed.], p. 305).

In *De Coigne* v. *Ludlum Steel Co.* (251 App. Div. 662) it is said: " No case has been called to our attention, nor has our own research disclosed any, where it has been held that one who willfully assaults a workman while in the course of his employment, be he an employee, an employer or a stranger, when sued for the tort can successfully defend on the ground that the plaintiff and his employer are subject to the Workmen's Compensation Law, and that his sole remedy is thereunder."

Plainly, the Workmen's Compensation Law deals with and has application to accidental injuries arising out of and in the course of employment and not to a willful assault by an employer upon an employee, and the defense assailed cannot be availed of by the defendant herein.

The defense is stricken out. Settle order.