Henry Legault, Respondent, *v.* Edmund Brown et al., Individually and/or as Copartners Doing Business as Brown & Reagan, Appellants.

Fourth Department, February 3, 1954.

*Harry Schechter, Bernard Katzen* and *William H. Stieglitz* for appellants.

*Henry E. Taylor* and *Sydney C. Blumberg* for respondent.

KIMBALL, J. We are of the opinion that there is no issue of fact to be tried out and that, therefore, the defendants' motion for summary judgment should have been granted. Inasmuch as there was no appeal from the order on the previous motion to dismiss the complaint for legal insufficiency, we are bound by that order. However, we feel constrained to say that we think the complaint is one based upon negligence and does not state a cause of action for willful assault. Nevertheless, we treat the complaint as one for assault by the employer upon the employee. The answer sets up as a defense the securing of workmen's compensation insurance in accordance with the provisions of the Workmen's Compensation Law, which insurance was in force and effect at the time of the injury. Furthermore the answer alleges that the employee made claim for workmen's compensation benefits; that awards were made aggregating over $10,000 which the plaintiff accepted and retained. The claim and the awards are matters of record and are not disputed. Turning to the plaintiff's complaint, we find it alleged that the plaintiff, at the time of the accident, was the employee of the defendants; that at that time he was actually engaged in his employment as a painter upon a suspended scaffolding and while so engaged, the rope attached to the scaffolding " suddenly and without warning " gave way, throwing the plaintiff to the sidewalk and causing the injuries complained of. The complaint alleges negligence on defendants' part and freedom from contributory negligence. As a conclusion, the complaint states that the defendants " wilfully, wantonly and unlawfully placed the plaintiff in a perilous position known to them and, therefore, were guilty of a personal, wilful, wanton tort and an intentional assault upon the plaintiff." While no facts are pleaded to show an intentional and wanton assault, we are concluded by the first order denying dismissal. The affidavit in opposition to the motion now before us is made by one of plaintiff's attorneys who palpably had no first-hand knowledge of the facts. This affidavit merely sets forth that deponent has read the moving affidavit of defendants' attorney and " has arrived at the conclusion which he verily believes that all statements of fact and conclusions contained within are totally irrelevant, incompetent and immaterial as

regards the issue to be determined upon a hearing of this motion.'' The opposing affidavit denies nothing and sets forth no facts to challenge defendants' motion for summary judgment. Assuming, therefore, an intentional and willful assault by the employers upon the employee, the defendants-appellants contend (1) that such cause of action may not be maintained by reason of the undisputed fact that the employee was injured in the course of his employment and that his exclusive remedy is under the Workmen's Compensation Law; (2) that having made claim for workmen's compensation benefits and having received, accepted and retained such benefits, he has made an election and may not now maintain a common-law action for his damages.

As to the appellants' first point, we are not prepared to hold, in the absence of controlling authority, that an employee may not maintain a common-law action against his insured employer, for an intentional, willful, wanton and malicious assault by his employer, even where it occurred during the course of and within the scope of the employment. There is authority that such an assault is not an '' accidental injury '' within the meaning of subdivision 7 of section 2 of the Workmen's Compensation Law and that, therefore, the liability of the employer as provided for in the statute, is not the exclusive liability. (*De Coigne* v. *Ludlum Steel Co.*, 251 App. Div. 662; *Le Pochat* v. *Pendleton,* 187 Misc. 296, affd. 271 App. Div. 964; *Mazarredo* v. *Levine,* 274 App. Div. 122; *Lavin* v. *Goldberg Bldg. Material Corp.,* 274 App. Div. 690.) This question was before the Minnesota courts. (See *Boek* v. *Wong Hing,* 180 Minn. 470, and *Breimhorst* v. *Beckman,* 227 Minn. 409.)

In the instant case, we have an element not present in some of the other cases above cited. It appears without contradiction that not only had the defendants-appellants effected workmen's compensation insurance which was in full force but that the plaintiff-respondent had availed himself of the benefits of such insurance. He had the right to do so since it is unquestioned that the accident arose out of and during the course of his employment. There is a distinction between '' being entitled to take compensation '' and '' having taken compensation.'' (*Grossman* v. *Consolidated Edison Co.,* 294 N. Y. 39.) Assuming that the plaintiff had a common-law action for willful assault, we think he lost such remedy by choosing instead to avail himself of the benefits of workmen's compensation, given to him by the statute without requiring him to prove negligence, freedom from contributory negligence, willful assault or anything else

except that he was injured during the course of his employment. The benefits which this employee has already received and which he will receive in the future are encompassed within the damages claimed in his complaint. He may not be doubly compensated; once under the statute and again in a common-law action. There is no provision by which the insurer could be subrogated in an action not within the purview of the Workmen's Compensation Law. Here the employee was injured during the course of his employment. The statute gave him a remedy. That remedy was predicated upon the theory that his injury was " accidental " within the statutory definition. His common-law action negates the theory of " accidental injury ". He bases his cause of action upon a willful and wanton assault by his employers and on the theory that such assault is not an accidental injury under the statute. Assuming that he had two remedies, one by virtue of the statute and one under the common law, it must be held that the two are inconsistent one with the other. He may not pursue both to a conclusion. By demanding, receiving and retaining the benefits of his first remedy, he is estopped to simultaneously pursue the second. He made his election. It was laid down in *Mills* v. *Parkhurst* (126 N. Y. 89, 93) in defining the doctrine of election: " The doctrine of election, usually predicated of inconsistent remedies, consists in holding the party, to whom several courses were open for obtaining relief, to his first election; where subsequently he attempts to avail himself of some further and other remedy not consistent with, but contradictory of, his previous attitude and action upon his claim. The basis for the application of the doctrine is in the proposition that where there is, by law or by contract, a choice between two remedies, which proceed upon opposite and irreconcilable claims of right, the one taken must exclude and bar the prosecution of the other." The doctrine of election was recognized in *De Coigne* v. *Ludlum Steel Co.* (251 App. Div. 662, *supra*) and *Mazarredo* v. *Levine* (274 App. Div. 122, *supra*). The respondent elected to stand upon the employer and employee relationship and the theory of " accidental injury " and take the statutory benefits. By this present action, he repudiates the relationship of employer and employee and the theory of " accidental injury " and seeks to recover against the defendants, not as his employers, but because, as he claims he was willfully and wantonly assaulted by them. He must be held to his election. The order should be reversed and the defendants' motion for summary judgment granted.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Order reversed on the law and facts, with $10 costs and disbursements and motion granted with $10 costs