Burke, J.
Claimant seeks to recover damages from the State for the false imprisonment, pain and suffering and mental anguish which her decedent sustained prior to his death as well as for his wrongful death. The State moved in the Court of Claims to dismiss the claim on the grounds that workmen’s compensation is claimant’s sole remedy and that the claim failed to state a cause of action since the State is insulated ágainst the alleged liability by the doctrine of sovereign immunity. The Court of Claims denied the motion to dismiss stating that there were factual questions which “ in the opinion of the Court cannot be resolved upon a motion to dismiss.” The Appellate Division, by a closely divided court, (3-2), reversed the order of the Court of Claims, granted the State’s motion and dismissed the claim. The majority held that the State was immune from liability since it was acting in its sovereign capacity and therefore, nothing claimant could establish on her pleadings could render the State liable for the injuries and death of her husband. The order of the Appellate Division should be modified.
The facts are simply stated. Claimant’s decedent was employed by the Department of Correctional Services, a subdivision of the State of New York, in the capacity of accounts clerk at the Attica State Correctional Facility. His position was clerical and in no way was he involved in the guarding or disciplining of prisoners. On September 9, 1971, while so employed, he was taken hostage during the occurrence of what is now recalled as the “ Attica uprising ”. The claim alleges two causes of action. The first is based upon the negligence of the State in failing to warn the decedent of the impending riot of which the State had, or should have had, knowledge. The second cause of action is based upon intentional tort, alleging that during the forceful retaking of the prison on September 13,1971 a State trooper ‘ ‘ without just cause or provocation and with great force and violence, wilfully and intentionally assaulted and battered the Claimant’s decedent by firing several shots of a gun at Claimant’s decedent, one or more of which *279 shot and struck him in the head, chest and back, thereby causing his death.”
As to the first cause of action, the order appealed from should be affirmed. The cause of action is one in negligence. Since the claim alleges that the State, was negligent while the decedent “ was performing his clerical duties as an accounts clerk ”, the claim must be dismissed and the plaintiff is relegated to workmen’s compensation as her exclusive remedy.
The second cause of action alleges that a State trooper “ wilfully and intentionally assaulted ” plaintiff’s decedent causing his death. This claim states a cause of action and that part of the Appellate Division order which dismissed this claim is reversed. The majority below relied heavily upon Weiss v. Fote (7 N Y 2d 579 [1960]) and cites Bellows v. State of New York (37 A D 2d 342 [4th Dept., 1971]) and Newiadony v. State of New York (276 App. Div. 59 [3d Dept., 1949]) in support of its position. Reliance upon these cases is misplaced as the claim does not sound in negligence but alleges an intentional tort in that a State trooper shot the decedent dead. The claim alleges a cause of action similar to the cause of action sustained by this court in the case of Kline v. State of New York (278 N. Y. 615 [1938]). There, this court held that the State is liable for an assault committed upon the plaintiff by troopers which was “ without cause or provocation and unjustifiable ” (id., at p. 616), the precise words used in the instant claim.
The concept is not novel. A long line of cases has held the State or municipalities liable for the actions of their police officers in the line of duty. Hinton v. City of New York (13 A D 2d 475 [1st Dept., 1961]) — plaintiff, while being lawfully arrested, was struck by several police officers; Franklin v. State of New York (276 App. Div. 1038 [3d Dept., 1950]) —plaintiff was assaulted by State troopers during his detention; Huff v. State of New York (271 App. Div. 1040 [3d Dept., 1947]) — plaintiff was assaulted by a State trooper in the course of a criminal investigation; Egan v. State of New York, (255 App. Div. 825 [4th Dept., 1938]) — plaintiff was assaulted by a State trooper during the course of Ms arrest. In each of these cases the troopers were engaged in activities wMch can only be described as ‘ ‘ governmental ’ ’ in nature. The theory upon wMch recovery from the State in these cases is premised is found in *280 section 8 of the Court of Claims Act. Prior to the enactment of this section police officers were considered public officers whose actions in the area of governmental activities could not fasten liability upon the State (Woodhull v. Mayor, 150 N. Y. 450 [1896]). However, with the waiver of immunity effected by the enactment of section 12-a, the present section 8, of the Court of Claims Act, the State and its civil subdivisions became liable for the torts of their agents on the basis of respondeat superior, notwithstanding the fact that the agent was engaged in “ governmental ” activity. (McCrink v. City of New York, 296 N. Y. 99 [1947]; Steitz v. City of Beacon, 295 N. Y. 51 [1945]; Bernardine v. City of New York, 294 N. Y. 361 [1945] ; McCarthy v. City of Saratoga Springs, 269 App. Div. 469 [3d Dept., 1945]). The case of Weiss v. Note (supra) dealt with planning highway safety for the community and, in light of the allegations in this claim, we fail to see its relevance to the instant case.
Nor should the fact that the decedent suffered his fatal injuries during the Attica riot bar his recovery. That fact is irrelevant in light of the settled law. The action of retaking the prison is no more “ governmental ” than making an arrest, maintaining someone in custody or investigating a traffic infraction. The use of excessive force by troopers during these activities was sufficient to fasten liability upon the State. A different rule should not apply here. Should the Judge in the Court of Claims find that the force used against the decedent was more than necessary under all the circumstances, then plaintiff is entitled to recover (Hinton v. City of New York, 13 A D 2d 475, supra; see, also, 3 N. Y. Juris., Assault and Battery, §§ 8, 11, at pp. 235, 238; 40 N. Y. Juris., Municipal Corporations, §§ 1003, 1009, p. 262).
Finally, in reversing the dismissal of the second cause of action, we note that due to the chaotic conditions which surrounded this tragedy the claimant faces a heavy burden of proof in her attempt to establish the use of excessive force by the State. A mountain of facts has been presented by the McKay Commission, a fact-finding body which was established by the Governor subsequent to the revolt. The findings, which were presented in Attica: The Official Report of the New York Special Commission on Attica (Bantam, 1972), indicate that the *281 State troopers’ assault was “ marred by excesses The commission found that the type ammunition used by the troopers presented “ a high risk of injury and death to unresisting inmates and hostages.” In light of all the circumstances such summary treatment of the second claim was particularly inappropriate.
Accordingly, the case should be remanded for further proceedings not inconsistent with this opinion.