readiness. Plaintiff's attorney, however, in his affidavit, sets forth no reasonable excuse for the long delay nor does he attach to his affidavit a copy of the supplemental bill of particulars. With respect to that part of plaintiff's motion seeking to increase the *ad damnum* clause, plaintiff does not set forth any new or aggravating condition which was not known to exist when the original pleading was prepared nor does he include a medical affidavit containing facts in support of his contention *(Vitiello v Consolidated Edison Co. of N. Y.*, 51 AD2d 523; *Berg v Wiley, supra; Boehm Development Corp. v State of New York, supra; McCall v Village of Penn Yan, supra)*. Since plaintiff fails to set forth in his affidavit sufficient facts in support of the motion and offers no reasonable excuse for the long delay in bringing the motion, it was an improvident exercise of discretion to grant leave to amend the complaint and serve a supplemental bill of particulars. We have examined defendant's contention that the inadvertent fault of counsel and law office failure precludes the granting of this motion but in view of our holding in this case, we do not reach the merits of this argument. (Appeal from order of Monroe Supreme Court—amend complaint.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ SARAH GRAY, Individually, and as Administratrix of the Estate of MELVIN D. GRAY, Deceased, Respondent, v STATE OF NEW YORK, Appellant. —Appeal unanimously dismissed, without costs, and without prejudice in accordance with the following memorandum: The parties stipulated upon oral argument of this appeal that appellant, State of New York, consents to respondent's serving an amended complaint specifically pleading a cause of action alleging an intentional tort. (See *Jones v State of New York,* 33 NY2d 275.) (Appeal from order of Court of Claims—dismiss claim.) Present —Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ BRENDA R. WEST, Individually, and as Administratrix of the Estate of WILLIE WEST, JR., Deceased, Respondent, v STATE OF NEW YORK, Appellant.—Appeal unanimously dismissed, without costs, and without prejudice in accordance with the following memorandum: The parties stipulated upon oral argument of this appeal that appellant, State of New York, consents to respondent's serving an amended complaint specifically pleading a cause of action alleging an intentional tort. (See *Jones v State of New York,* 33 NY2d 275.) (Appeal from order of Court of Claims—dismiss claim.) Present —Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD A. CODY v ROBERT J. HENDERSON, as Superintendent of Auburn Correctional Facility, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Judgment unanimously reversed and petition dismissed. Memorandum: Special Term vacated relator's pleas of guilty under separate indictments to the crimes of murder and unlawful imprisonment in the first degree, and ordered relator rearraigned in Broome County on the original indictments, on its finding that section 335-b (subsequently 335-c) of the former Code of Criminal Procedure was not complied with when he entered his guilty pleas. Before relator was entitled to such relief, it was necessary to show that he was prejudiced by the court's failure to give the warning. While this would be true even if relator had a prior felony conviction *(People v Pittenger,* 32 NY2d 711), it is undisputed in the record that relator had no prior felony conviction and was not eligible for multiple offender treatment. Thus the warning would have been meaningless and he was not harmed by its absence *(People v Pittenger, supra,* p 712; see, also, *People ex rel. Doud v Mancusi,* 39 AD2d 837). (Appeal from judgment of Cayuga Supreme Court—