■ MICHAEL S. SMITH, Respondent, v STATE OF NEW YORK et al., Appellants.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendants appeal from an order of the Court of Claims accepting a notice of intention to file a

claim (filed with the clerk of the Court of Claims and the office of the Attorney-General on December 10, 1971) "as a Notice of Claim that was timely and constitutionally filed." The notice of intention alleges that claimant, while employed as a correction officer, received serious bodily injuries as a result of the actions of the State of New York in retaking control of the Attica Correctional Facility after the uprising of the inmate on September 9, 1971. The notice of intention asserts both negligence and intentional tort, including specifically the allegation that: "the STATE OF NEW YORK, its agents, servants and employees, did maliciously, willfully and violently assault the claimant by causing him to be struck in the body by a rifle bullet causing serious bodily injury and causing the claimant to suffer greatly from nervous shock, physical and mental pain and agony, thereby maiming and crippling him for life." The State in its brief on appeal and in oral argument has not questioned the propriety of the court's acceptance of the notice of intention to file a claim as a notice of claim. Because the notice of intention contains all of the essential elements of a claim and because there has been no showing of how the State would be prejudiced thereby, we hold that the court's action in accepting the notice of intention was a proper exercise of discretion (see *Otis Elevator Co. v State of New York,* 52 AD2d 380, 384; *Chalmers & Son v State of New York,* 271 App Div 699, 701-702, affd 297 NY 690). The State correctly maintains that the claim should be dismissed as against the defendants Oswald, Dunbar, Mancusi and Williams upon the ground that the jurisdiction of the Court of Claims is limited and does not extend to claims against individuals (Court of Claims Act, §§ 8, 9; see *Young v State of New York,* 92 Misc 2d 795, 800-801). Accordingly, we dismiss the claim against these defendants. We agree also that the claim, insofar as it alleges accidental injuries arising out of negligence on the part of the State, should be dismissed upon the ground that claimant's exclusive remedy for such injuries is workers' compensation. (Workers' Compensation Law, § 11; *Jones v State of New York,* 33 NY2d 275, 279.) The portions of the claim sounding in negligence are, therefore, dismissed. The Court of Claims correctly declined to dismiss that portion of the claim which alleges that the State intentionally and willfully perpetrated an assault upon claimant (see *Jones v State of New York, supra,* p 279). It is settled that: "case law has engrafted an exception on the exclusiveness of the compensation remedy where the employer himself commits an assault on the plaintiff *(Le Pochat v. Pendleton,* 271 App. Div. 964, affg. 187 Misc. 296) or, acting through another, instigates or abets an assault *(Lavin v. Goldberg Bldg. Material Corp.,* 274 App. Div. 690)." *(Estupinan v Cleanerama Drive-In Cleaners,* 38 AD2d 353, 354.) It cannot be held that claimant's acceptance of compensation has resulted in an election of remedies so as to warrant a dismissal of his claim for intentional assault *(Moakler v Blanco,* 47 AD2d 614; *Legault v Brown,* 283 App Div 303). There is no evidence that claimant filed a claim or that an award of compensation was ever made. Claimant contends that, without any request on his part, compensation payments from the State Insurance Fund were made to him indirectly as part of his salary while he was in the employ of the Department of Correction and later as part of his accidental disability retirement benefits. No evidentiary hearing has been had, and the information pertaining to the payments in the affidavits in the record is inadequate and not complete. The resolution of the question of whether claimant has "elected to stand upon the employer and employee relationship and the theory of 'accidental injury' and take the statutory benefits" *(Legault v Brown, supra,* p 306) to the exclusion of his remedies for intentional assault must await full development on the trial of

the facts surrounding claimant's receipt of the payments. (Appeal from order of Court of Claims—notice of claim.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.