■ JUANITA WERNER, Individually and as Administratrix of the Estate of RONALD WERNER, Deceased, Respondent, v STATE OF NEW YORK et al., Appellants. (Claim No. 57226.)—Order reversed, on the law, without costs, motion granted and claim dismissed. Memorandum: Defendant appeals from an order of the Court of Claims denying its motion for summary judgment. The notice of claim alleges that claimant's decedent, while employed by defendant as a guard at the Attica Correctional Facility, was killed as a result of the actions of the State of New York in retaking control of the prison from riotous inmates on September 13, 1971. The notice of claim asserts both negligence and intentional tort, specifically claiming damages for alleged false imprisonment, personal injuries and wrongful death sustained by claimant's decedent as the result of an unprovoked, willful, wanton and intentional assault and battery by the State of New York, its officers, agents and employees. So much of the claim as alleged negligence was dismissed upon the ground that the exclusive remedy for such injuries is workers' compensation *(Jones v State of New York,* 33 NY2d 275). The uncontradicted evidence is that claimant filed for and was awarded workers' compensation for the same injuries alleged in her claim, and that compensation payments from the State Insurance Fund were made and accepted after she started suit. Claimant received compensation for approximately 10 months before asserting her claim, and continued thereafter to receive compensation for greater than two years until a remarriage lump-sum award was made. The payments for dependent children were doubled two years after the remarriage, and continue in that amount. Claimant, having filed for workers' compensation benefits, and having received, accepted and retained such benefits, elected to take the statutory remedy and is, therefore, estopped from pursuing the alternative remedy of a civil action at law *(Matter of Martin v C. A. Prods. Co.,* 8 NY2d 226). Defendant's motion for summary judgment should have been granted, and the claim for intentional assault dismissed *(Moakler v Blanco,* 47 AD2d 614; *Legault v Brown,* 283 App Div 303; *Doca v Federal Stevedoring Co.,* 280 App Div 940, affd 305 NY 648). In urging affirmance, the dissenters recognize that this is not the situation where the cause of action is against a coemployee not acting within the scope of his employment at the time he inflicted the injury, a situation not covered by the policy considerations of the compensation law on suits against employers *(Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535; *Vercruysse v Alati,* 78 AD2d 1015). They fail to recognize, however, the distinction between this situation and that where the plaintiff has not applied for and has not secured compensation payments *(Jones v State of New York,* 33 NY2d 275, *supra; Smith v State of New York,* 72 AD2d 937; *Mazarredo v Levine,* 274 App Div 122; *Le Pochat v Pendleton,* 271 App Div 964, affg 187 Misc 296; *De Coigne v Ludlum Steel Co.,* 251 App Div 662). All concur, except Cardamone, J. P., and Callahan, J., who dissent and vote to affirm, in the following memorandum:

Cardamone, J. P., and Callahan, J. (dissenting). Claimant's decedent was a State employee killed by State troopers during the retaking of Attica Correctional Facility on September 13, 1971. An award of compensation was made by the Workmen's Compensation Board of New York on February 8, 1972 and claimant received payments for the period from September 13, 1971 until her remarriage in 1975. The State now urges and the majority agree that the acceptance of the compensation award precludes claimant from pursuing a claim against the State for damages

caused by an intentional battery that resulted in the death of claimant's decedent. We take a different view. Although workers' compensation is the sole remedy for a cause of action based in negligence, this claim alleges an intentional tort committed by the State's agents, New York State troopers involved in the storming of the prison. The exclusive remedy of Workers' Compensation Law (§ 29, subd 6) does not bar an employee who has accepted workers' compensation benefits from bringing a common-law cause of action against a coemployee who has committed an intentional assault upon him *(Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535; *Vercruysse v Alati,* 78 AD2d 1015). The statute has also been so construed where an employee has been assaulted by the employer *(Le Pochat v Pendleton,* 271 App Div 964, affg 187 Misc 296; *De Coigne v Ludlum Steel Co.,* 251 App Div 662). The Court of Claims properly dismissed so much of the claim as alleged injuries arising out of negligence on the part of the State upon the ground that the exclusive remedy is workers' compensation *(Jones v State of New York,* 33 NY2d 275, 279; *Smith v State of New York,* 72 AD2d 937). It properly declined to dismiss that portion of the claim which alleges that injuries resulted from a willful and intentional assault upon claimant perpetrated by the State, its officers, agents and employees (see *Jones v State of New York, supra,* p 279; *Smith v State of New York, supra,* p 938). In *Legault v Brown* (283 App Div 303) relied upon by the majority, plaintiff was injured when a scaffold gave way. The court noted that plaintiff had two inconsistent remedies available—workmen's compensation or common-law intentional assault. Since the theory of one action negated the theory of the other, plaintiff's decision to pursue one remedy foreclosed a second action brought on contradictory grounds. Plaintiff was deemed to have elected his remedy. *Legault* was cited with approval in *Matter of Martin v C. A. Prods. Co.* (8 NY2d 226, 231). The case presently before us differs in a crucial manner from *Legault* and *Martin.* In those cases there was but one action by the defendant employer. The employer was either negligent or it acted with intent. It could not be both. When the employees secured workmen's compensation insurance, they elected their remedy and relinquished their common-law claim. Here the situation is entirely different. Claimant alleges that the State caused her decedent's death in two ways. First, it negligently failed to prevent the riot. This claim is covered by the workers' compensation award. Second, it is alleged that the State, through its agents, intentionally shot and killed the decedent. Since this is an entirely separate cause of action based on a different wrong, it is not foreclosed by an election of remedies theory (Siegel, New York Practice, § 218). It would be particularly unjust to hold otherwise. The death of claimant's husband on September 13, 1971 left her a widow with three minor children. Her claim for compensation, filed on October 1, 1971, was at the time when investigations into the assault on the "D" yard were just beginning, and the reasonableness of the State's use of force was being questioned. It would seem unreasonable to expect claimant to realize that there might exist a cause of action for intentional tort. We do not believe that she can be held to have waived a remedy when unaware of its existence. Accordingly we dissent and vote to affirm. (Appeal from order of Court of Claims—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

HOWARD J. O'BRIEN, JR., as Executor of HOWARD J. O'BRIEN,