OPINION OF THE COURT
Norman A. Stiller, J.
This is a motion brought by defendant, the Carborundum Company/Electro-Mineral Division, for an order pursuant to CPLR 3211 (subd [a], pars 1, 7) dismissing the plaintiff’s complaint. While requesting that this court treat its motion as one for summary judgment under CPLR 3211 (subd [c]), Carborundum submits that the complaint should be dismissed because the plaintiff’s decedent died as a result of accidental injuries sustained in the course of his employment so that the remedy provided by the Workers’ Compensation Law is the plaintiff’s exclusive remedy against Carborundum and because plaintiff elected her remedy by filing for and accepting workers’ compensation benefits and therefore is estopped from pursuing this wrongful death action.
Plaintiff, in response, takes the position that the actions of Carborundum which resulted in the death of plaintiff’s *185 decedent amounted to an intentional tort; and, thus, since workers’ compensation is the sole and exclusive remedy only for accidental injuries, the plaintiff may maintain an action for wrongful death. Also, plaintiff submits that by filing for and receiving workers’ compensation benefits she did not elect her remedy and is not estopped from maintaining the wrongful death action. There was no election, plaintiff argues, because she did not learn of defendant’s “intentional tortious conduct” which caused plaintiff’s decedent’s death until after she had received workers’ compensation benefits.
Plaintiff’s argument that the decedent’s death resulted from an intentional tort is based upon three citations of willful violations of the Occupational Safety and Health Act (OSHA) by Carborundum. Citation No. 1 states: “The employer failed to provide effective monitoring for carbon monoxide in Building #82, by use of carbon monoxide monitors which would continually monitor the concentrations of carbon monoxide in the atmosphere and sound an audio-visual alarm or activate a ventilation system when dangerous concentrations are reached.” Citation No. 2 states: “The employees in Furnace Building #82, where dangerous atmospheres might be encountered in normal operations or emergency situations, were not instructed as to the symptoms or hazards of carbon-monoxide overexposure” (emphasis added). Plaintiff’s decedent on November 12, 1978 died as a result of carbon monoxide asphyxiation while working in Building No. 82. His death resulted in the afore-mentioned OSHA citations.
In Finch v Swingly (42 AD2d 1035), the Fourth Department, Appellate Division, considered a complaint which alleged that the employer willfully directed his employee to use a garage lift which the employer knew was defective and unsafe. While ruling that the complaint could not be viewed as supporting a claim that the defendant employer intentionally caused the lift to fall upon the plaintiff employee, the court stated (p 1035): “In order to constitute an intentional tort, the conduct must be engaged in with the desire to bring about the consequences of the act. A mere knowledge and appreciation of a risk is not the same as the intent to cause injury *** A result is intended if the act *186 is done with the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue”.
Such is the case in the matter at hand. Although Carborundum may have willfully failed to take the appropriate safety precautions, there is no evidence on the present state of the record which supports the proposition that their failure was designed with the purpose of causing plaintiff’s decedent injuries “or with knowledge to substantial certainty” that such injuries would ensue. The word “wilfull” in the OSHA citations relates only to Carborundum’s failure to put appropriate safety measures into effect and does not relate to the unfortunate death of the decedent. This can be gleaned from the language in the afore-mentioned citation which stated “where dangerous atmospheres might be encountered” (emphasis added). The impact of the word “might” indicates that there was no substantial certainty that dangerous gases would consume Building No. 82 at the time the decedent was working there.
As Justice Cardozo in Messersmith v American Fid. Co. (232 NY 161, 165-166), stated: “Every act, if we exclude, as we must, gestures or movements that are automatic or instinctive, is willful when viewed in isolation and irrespective of its consequences *** A driver turns for a moment to the wrong side of the road, in the belief that the path is clear, and deviation safe. The act of deviation is willful, but not the collision supervening.” Likewise in the case at bar, Carborundum’s safety failure may have been willful but the asphyxiation of plaintiff’s decedent was certainly not.
For the reasons stated, it is the opinion of this court that no reasonable view of the allegations of the complaint as evidenced by the QSHA citations would support a finding that Carborundum intentionally inflicted the injuries upon plaintiff’s decedent. Therefore, sections 10 and 11 of the Workers’ Compensation Law are a complete and absolute bar to the present wrongful death action.
In any event, even if the allegations and evidence submitted in support of these allegations could possibly be *187 viewed as supporting an intentional tort on the part of Carborundum, under the recent ruling of the Fourth Department, Appellate Division, in Werner v State of New York (79 AD2d 873) the plaintiff “having filed for workers’ compensation benefits, and having received, accepted and retained such benefits, elected to take the statutory remedy and is, therefore, estopped from pursuing the alternative remedy of a civil action at law.” Moreover, plaintiff’s attorney’s statement that plaintiff did not become aware of defendant’s claimed intentional tortious conduct until after she had applied for and received workers’ compensation benefits, is unsworn and not based upon personal knowledge and, therefore, is of no probative value on a motion for summary judgment (Zuckerman v City of New York, 49 NY2d 557). Indeed, even if there were evidentiary proof before this court in admissible form which indicated that at the time plaintiff filed for and accepted workers’ compensation benefits she was unaware of the possibility of intentional tortious conduct on the part of Carborundum, such proof would not abort her election to take her statutory remedy under the Workers’ Compensation Law (Werner v State of New York, supra).
Accordingly, defendant Carborundum’s motion for an order dismissing the complaint is granted.