■ MICHAEL S. SMITH, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54561-A.) — Order reversed, without costs, motion granted, and claim dismissed. All concur, Simons, J. P., not participating. Memorandum: The State of New York appeals from an order of the Court of Claims denying its motion for summary judgment (CPLR 3212). The State argues that this action at law by claimant — a former correction officer in the employ of the State — for injuries allegedly intentionally inflicted on him by State employees during the "Attica uprising", is barred by claimant's acceptance of workers' compensation benefits. Shortly after claimant was injured, the State as employer filed a workers' compensation claim on his behalf. The record shows that payment of claimant's medical expenses began in December, 1971. Claimant states that in July, 1972 he was "advised that he would continue to receive a portion of his benefits from Workers' Compensation." Subsequently, claimant was called periodically to appear before the Workers' Compensation Board for an annual review of his outside earnings. The board issued a notice of decision following each of these proceedings; the first such notice stated that the case was continued and determined: "Accident, notice and causal relation established". An exception to the general rule that workers' compensation is the exclusive remedy of an injured employee arises where the injury is the result of an intentional tort committed by the employer (see *Werner v State of New York,* 53 NY2d 346; *Jones v State of New York,* 33 NY2d 275). Where, however, a claimant accepts such benefits properly awarded and based on a determination that the injury was accidental, he is deemed to have elected his remedy and is foreclosed from maintaining an action at law for intentional tort (see *O'Connor v Midiria,* 55 NY2d 538; *Werner v State of New York, supra;*

*Legault v Brown,* 283 App Div 303; cf. *Matter of Doca v Federal Stevedoring Co.,* 305 NY 648, 308 NY 44). He may, through administrative channels (see Workers' Compensation Law, § 123), seek review of the board's determination to award him benefits, but he may not "undermine the conclusiveness of the board's determination and the exclusivity of the compensation remedy by collateral attack" in an action at law (*O'Connor v Midiria, supra,* p 541). Claimant here has never sought administrative review. On this record we determine that claimant has accepted workers' compensation benefits properly awarded and based on a finding of accidental injury and is thus precluded from pursuing this lawsuit. (Appeal from order of Court of Claims, Quigley, J. — summary judgment.) Present — Simons, J. P., Hancock, Jr., Callahan, Moule and Schnepp, JJ.