■ ANTHONY PRAVE, JR., et al., Respondents, v STATE OF NEW YORK, Appellant. (Appeal No. 4.) (Claim No. 57841.) — Order unanimously reversed, without costs, motion granted, and claim dismissed in accordance with the following memorandum: The State appeals from 17 separate orders of the Court of Claims which denied its motion for summary judgment in actions for intentional assault stemming from the Attica uprising. The State contends that the actions are barred by claimants' acceptance of workers' compensation benefits. Claimants contend that they never applied for the benefits and should not be held to have elected their remedy. After the retaking of the prison, the State continued to pay claimants' salary and sought reimbursement from the State Insurance Fund, its workers' compensation carrier, on a form signed by claimants. In some cases claimants received a lump-sum award for permanent injury or disfigurement and medical expenses in addition to full salary for the time they were unable to work. In all cases salary and medical expenses were paid pursuant to determinations by the Workers' Compensation Board (Board) that the injuries were compensable. Although an exception to the general rule that workers' compensation is the exclusive remedy of an injured employee exists wherein the injury results from an intentional tort committed by the employer (see *Jones v State of New York,* 33 NY2d 275; *Smith v State of New York,* 91 AD2d 1181), the acceptance of benefits properly awarded and based on a determination that the injury is accidental bars the employee from maintaining an action at law (see *O'Connor v Midiria,* 55 NY2d 538; *Werner v State of New York,* 53 NY2d 346; *Smith v State of New York, supra*). Claimants are not without protection when the employer applies for benefits or reports the injury since the employee may demand a hearing before the Board and contest compensability on the ground that the injury was intentional rather than accidental (see Workers' Compensation Law, § 20). Even after a decision is rendered, the employee may apply to the Board pursuant to section 123 of the Workers' Compensation Law for a change in its determinations. "What [claimant] may not do is undermine the conclusiveness of the board's determination and the exclusivity of the compensation remedy *by* collateral attack in an action such as this" (*O'Connor v Midiria, supra,* p 541). We agree with the Court of Claims approach in allowing the claimants an opportunity to return to the Board for reconsideration of its determination. However, we do not believe that denial of summary judgment is necessary to accomplish that purpose. As stated in *Werner v State of New York* (53 NY2d 346, 355, *supra*), wherein the court granted summary judgment: "[this] does not necessarily mean that she [claimant] is without recourse if she was, in fact, mislead [*sic*] into filing the compensation claims by representations of a State employee (cf. *Hotaling v General Elec. Co.,* 12 NY2d 310). It does mean that she cannot maintain an action for assault until she has established to the satisfaction of the board in a proceeding under section 123 that it is just that its prior

decision awarding compensation be rescinded, until which time that award stands as a bar to the present action." If the Board rescinds its determination, claimants are free to reinstitute a tort action within six months of dismissal of the claim by the Board (CPLR 205, subd [c]; *Kimbrough v C. F. L. Dev. Corp.,* 80 AD2d 737). The other issues raised by the State are not properly before the court on this appeal (see *Werner v State of New York, supra,* p 351). (Appeal from order of Court of Claims, Quigley, J. — dismiss claim, severance.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.