■ In the Matter of the Claim of ELIZABETH M. HARDIE, Appellant, v NEW YORK STATE ATTICA CORRECTIONAL FACILITY,

Respondent. WORKERS' COMPENSATION BOARD, Respondent.—
Appeal from a decision of the Workers' Compensation Board,
filed July 28, 1987, which, *inter alia,* held that claimant could
not withdraw her claim.

Claimant's deceased husband was one of the State correc-
tional employees killed when the State Police and other law
enforcement agencies retook Attica Correctional Facility in
Wyoming County during the prisoner uprising in September
1971. Shortly thereafter, she filed a claim for workers' com-
pensation death benefits and received and cashed a number of
compensation checks from the State Insurance Fund, until she
retained an attorney and, upon his advice, ceased accepting
benefits. In December 1971, claimant filed a notice of intention
to file a civil damage claim in the Court of Claims against the
State, asserting, *inter alia,* a cause of action for intentional
assault by State Police personnel *(see, Werner v State of New
York,* 53 NY2d 346; *Jones v State of New York,* 33 NY2d 275).
At the same time, her attorney sought and obtained adjourn-
ments of the workers' compensation proceeding pending the
outcome of the action in the Court of Claims, and the compen-
sation case was closed in October 1980 pending such outcome.

Claimant's action against the State in the Court of Claims
was one of those arising out of the retaking of the prison
whose dismissals were affirmed in 1983 by the Court of Ap-
peals in *Cunningham v State of New York* (60 NY2d 248). The
various claimants' actions in that case were dismissed on
alternative grounds, namely, (1) that the claimants could not,
in their actions against the State, collaterally attack the
conclusiveness of the Workers' Compensation Board awards
based on findings of accidental death, and (2) that they for-
feited their right to pursue their alternative civil remedy for
intentional tort by accepting workers' compensation benefits
*(see, supra,* at 252-253). Although claimant's compensation
case had not proceeded to an award, dismissal of her action
was expressly affirmed on the second of the foregoing grounds
*(supra,* at 252, n 2). The court, however, recognized that the
claimants would not be precluded from suing the State civilly
upon establishing before the Board that they were misled by
the State into seeking or accepting compensation benefits
*(supra,* at 253).

Following the decision in *Cunningham,* the instant case and
those of the other Attica claimants were reopened before the
Board for proof on the issue of whether the claimants were
misled by the State into filing for or accepting benefits. The
Board in all of the cases resolved the issue against the

claimants, reaffirming all prior awards. In claimant's particular case, there having been no prior award, the Board also *sua sponte* made a finding of accident arising out of and in the course of employment, based upon the certificate of death and the averments of the claim, and restored the case to the Trial Calendar for the making of appropriate awards. The Board further held that claimant's claim could not be withdrawn because of her prior acceptance of workers' compensation benefits. This appeal by claimant ensued.

There should be an affirmance. As to the Board's finding that claimant was not misled by the State into applying for and accepting benefits, this case is factually indistinguishable from those of the companion Attica claimants and is, therefore, controlled by this court's recent decision affirming the Board's adverse determination as to those claimants on that issue *(Matter of Monteleone v New York State Attica Correctional Facility,* 141 AD2d 938). The main thrust of claimant's appeal is that the Board erred in refusing to hear proof on or consider whether the State committed an intentional tort in causing the death of her husband. Claimant argues that she was thus precluded from establishing that her husband's death was not *accidental* and, therefore, outside the jurisdiction of the Board. We disagree. The case law is absolutely clear that an intentional tort by an employer does not divest the Board of jurisdiction or remove the case from the scope of workers' compensation. It merely creates the unique, initial option on the part of the injured employee to sue the employer for civil damages or, in the alternative, to obtain workers' compensation benefits *(see, Legault v Brown,* 283 App Div 303, 305; *see also, Werner v State of New York, supra,* at 352; 2A Larson, Workmen's Compensation § 68.12). However, the remedies are inconsistent and mutually exclusive *(Werner v State of New York, supra,* at 353-354). That is why the acceptance of compensation benefits, whether or not a formal award is made, is preclusive of any alternative civil recovery *(Cunningham v State of New York, supra,* at 252, n 2; *see, Matter of Doca v Federal Stevedoring Co.,* 308 NY 44). And this remains so even if the claimant accepts compensation benefits without awareness of the alternative remedy. "[C]laimant, when she accepted compensation benefits for her husband's death forfeited the right to maintain an action at law for his wrongful death, *however unwittingly" (Werner v State of New York, supra,* at 355 [emphasis supplied]).

It follows from the foregoing that, in this case, once the Board rejected claimant's contention that she was misled into

accepting benefits, it correctly held that there was no other basis in the record to excuse claimant's election of remedies, that the proof of an intentional tort was irrelevant on that issue and that claimant could not withdraw her claim. The proof relied upon by the Board was sufficient to base its finding that the claim was compensable *(see, Matter of Doca v Federal Stevedoring Co., supra,* at 52-53).* Accordingly, the Board's decision should be affirmed.

Decision affirmed, without costs. Casey, J. P., Weiss, Levine and Mercure, JJ., concur.