[605 NYS2d 536]

JAMES RAY, Appellant, v DAVID W. KNIGHTS et al., Appellants, and GLENN W. TYNAN, Respondent.

Third Department, December 23, 1993

132

**APPEARANCES OF COUNSEL**

*Newman, O'Malley & Epstein, P. C.,* New York City *(Lawrence Epstein* of counsel), for James Ray, appellant.

*James H. Kerr,* New Paltz *(Marsha Solomon Weiss* of counsel), for David W. Knights and another, appellants.

*Donohue, Sabo, Varley & Armstrong, P. C.,* Albany *(Raymond V. Santora* and *Bruce S. Huttner* of counsel), for respondent.

**OPINION OF THE COURT**

YESAWICH JR., J.

This action arises from an automobile accident which occurred on June 8, 1987 on the Thruway in Ulster County when a vehicle owned and operated by defendant Glenn W. Tynan, in which plaintiff was a passenger, collided with a vehicle owned by defendant Eastern Ingredients (hereinafter

Eastern) and operated by its employee, defendant David W. Knights. Tynan and plaintiff, who were en route to a fishing site after completing a construction job in New York, were both residents of New Jersey at the time; Knights and Eastern were New York domiciliaries.

Plaintiff commenced this action against Tynan, Knights and Eastern alleging negligence and seeking to recover for injuries sustained in the accident. Tynan answered and cross-claimed against Knights and Eastern, and thereafter successfully moved to amend his answer to assert, as a defense, the exclusivity of workers' compensation, and for summary judgment dismissing the complaint and barring any subsequent claims over against Tynan by Knights or Eastern. Plaintiff, Knights and Eastern appeal.

Plaintiff maintains that Supreme Court improperly dismissed his claims against Tynan, having erroneously concluded that his suit was barred because he had elected to receive workers' compensation benefits, when in fact he had not received any award from the New Jersey Workers' Compensation Court, nor had it yet determined whether his injuries were even compensable. Noting that plaintiff had filed a claim and accepted payments from Tynan's carrier, Supreme Court deemed the actual receipt of a formal award irrelevant *(see, Matter of Hardie v New York State Attica Correctional Facility,* 144 AD2d 164, 166, *lv dismissed* 73 NY2d 918, *lv denied* 76 NY2d 708).* The factual posture of this case has since changed, however, for we are advised, and it is not disputed, that subsequent to Supreme Court's decision the New Jersey Workers' Compensation Court has held that the accident did not occur in the course of plaintiff's employment, and therefore that his injuries are not compensable under the workers' compensation system.

Under these circumstances, plaintiff's acceptance of payments made voluntarily by Tynan's insurance carrier does not preclude him from bringing a direct action against Tynan. Given the determination by the New Jersey Workers' Compensation Court, this is not now a case where plaintiff has the opportunity, no less the right, to choose between alternative, but mutually exclusive, remedies *(compare, Werner v State of New York,* 53 NY2d 346, 354);* the injuries not having occurred in the course of plaintiff's employment, the ·Workers' Compensation Law does not apply and thus is not a bar to an action at law *(see, O'Rourke v Long,* 41 NY2d 219, 228; *McMillan v Notre Dame Residence Club,* 33 Misc 2d 948, 950-

951; *Smith v International High Speed Steel Co.*, 98 NJL 574, 575, 120 A 188). Claiming or receiving benefits only inhibits such an action to the extent that it represents a choice that has been made between two, equally viable but mutually exclusive, remedies; that is, where the law provides for an election *(see, e.g., Matter of Hardie v New York State Attica Correctional Facility, supra,* at 166; *Chickachop v Manpower, Inc.*, 84 NJ Super 129, 134, 201 A2d 90). Because of the decision by the New Jersey Workers' Compensation Court, however, that circumstance does not exist here.*

■ We turn next to the question presented by Knights and Eastern, to wit, whether Supreme Court was correct in applying New Jersey law, which, unlike New York law, prohibits parties sued in negligence from maintaining contribution claims against the injured party's employer, and correlatively whether the court mistakenly concluded that no such claims against Tynan could be interposed by Knights or Eastern. Initially, it bears noting that because the Workers' Compensation Law has been found inapplicable to the underlying accident, neither New Jersey law nor New York law poses any impediment to a cross claim against Tynan. We consider it judicially economic to engage in an analysis of the conflict at this time, however, in the event that the decision of the New Jersey Workers' Compensation Court is overturned on appeal.

The question of contribution involves the allocation of loss *(see, Cooney v Osgood Mach.*, 81 NY2d 66, 74) and in this case, as in *Cooney v Osgood Mach. (supra),* the law of each party's home State favors its own domiciliary, thus creating a "true conflict" *(see, Neumeier v Kuehner,* 31 NY2d 121, 128): New Jersey law, which, as observed, does not permit a third party to sue an employer for contribution or indemnification, favors Tynan, while New York law, which would permit Knights and Eastern to bring such an action, favors those parties. Inasmuch as Knights and Eastern, should they elect to pursue these claims, would in essence be seeking recovery for liability incurred as a result of an accident in the State of their domicile, and its law permits recovery against Tynan, who voluntarily chose to come into New York, this situation is analogous to that set forth in the second of the rules recited in

---

* Of course, should the decision of the New Jersey Workers' Compensation Court be appealed, and the injury found to be compensable, Tynan may be able to prevail on the basis of the exclusivity of that award, a defense which is clearly unavailing at the present time. Should that occur, granting leave to amend the answer to assert that defense would then be appropriate.

*Neumeier v Kuehner (supra),* which declares that the law of the place of injury—here, New York—should control. Applying New York law comports favorably with the parties' expectations, for in voluntarily associating himself and his enterprise with New York, Tynan could not have had any reasonable expectation that he would not be subject to New York law in a suit of this type, while Knights and Eastern, who were operating in their home State, not unreasonably had every expectation that they would have the benefit of its laws. Hence, in the event it is determined that workers' compensation bars a direct action by plaintiff against his employer, Eastern and Knights should nevertheless be permitted, in accordance with New York law, to assert claims over against Tynan, if they are so inclined.

MIKOLL, J. P., MERCURE and CASEY, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and motion denied.