■ TAYIBAT AKANDE et al., Appellants, v CITY OF NEW YORK et al., Respondents. [713 NYS2d 341] —Order, Supreme Court, Bronx County (Lottie Wilkins, J.), entered January 28, 1999, which granted defendants City of New York and New York City Police Department judgment as a matter of law at the close of evidence with respect to plaintiffs' causes of action for false arrest, false imprisonment and assault, and granted defendants judgment notwithstanding the verdict with respect to plaintiffs' causes of action for malicious prosecution and battery, unanimously modified, on the law, to grant plaintiffs judgment as a matter of law on the issue of defendants' liability for false imprisonment, and remand the matter for further proceedings on the issue of plaintiffs' damages therefor, and otherwise affirmed, without costs.

After chemical testing, United States Customs determined

that a package shipped from overseas contained heroin. The package was addressed to plaintiff Tayibat Akande's husband, Sikiru Akande, a co-plaintiff herein, who seeks derivative damages. On Friday, November 2, 1990, plaintiff, after accepting delivery of the package from a United States Postal Inspector posing as a mailman, was arrested by New York City police officers who obtained a search warrant based upon information supplied to them by the United States Customs. On November 3, 1990, the Police Department tested the package and determined that it did not contain any illegal substances. Plaintiff was arraigned at 9:00 P.M. on November 4, 1990, before the District Attorney's Office had learned of the results of Police Department's test, and then released from custody. The case was dismissed at plaintiff's next scheduled court appearance on December 11, 1990.

The above facts established, as a matter of law, that plaintiff's arrest was made with probable cause on the basis of credible information supplied by a reliable informant, namely, United States Customs, warranting the dismissal of the cause of action for false arrest without submission to the jury (*see, Veras v Truth Verification Corp.*, 87 AD2d 381, *affd* 57 NY2d 947). There having been probable cause for the arrest, the cause of action for battery was also properly dismissed without submission to the jury absent any evidence that the force used to effect the arrest was excessive (*cf., Jones v State of New York*, 33 NY2d 275, 279-280).

Nor was there evidence of malice sufficient to support the jury's verdict in plaintiff's favor on her cause of action for malicious prosecution (*see, Broughton v State of New York*, 37 NY2d 451, 457). Malice cannot be inferred from the mere fact that the District Attorney's Office had not yet learned of the Police Department's laboratory test results by the time of plaintiff's arraignment the day after the test was performed. Absent any evidence as to when or to whom at the District Attorney's Office the police disclosed the test, the timeliness of the disclosure and the circumstances of how the District Attorney's Office learned of the test results, there is simply no basis for inferring that the police intentionally, let alone maliciously, suppressed the test results, or otherwise wrongfully maintained a prosecution they knew to be without merit. Nor can defendants be held liable for any delay or other improprieties by the District Attorney's Office in the handling of the matter, since the latter is absolutely immune from civil liability for actions taken in connection with the prosecution of a criminal case (*see, Moore v Dormin*, 252 AD2d 421, *lv denied* 92 NY2d 816).

However, while the arresting officers had probable cause to arrest and detain plaintiff based on the information related to them by United States Customs, such probable cause, along with the police's right to detain plaintiff, ceased to exist when the police lab results conclusively established plaintiff's innocence (*cf., Feinberg v Saks & Co.*, 56 NY2d 206). The absence of probable cause to continue to detain plaintiff established, as a matter of law, plaintiff's cause of action for false imprisonment, which does not require a showing of malice (*see, Broughton v State of New York, supra*), for the period between the conclusion of the Police Department's laboratory test and plaintiff's release after her arraignment. Accordingly, we modify to grant plaintiff judgment on that cause of action. However, a remand is necessary for further proceedings on the issue of damages, which may include mitigating evidence of any unavoidable delay in the processing and communicating of the laboratory results. Concur—Sullivan, P. J., Williams, Ellerin, Wallach and Friedman, JJ.