Mercure, J.E
Appeal from a judgment of the Court of Claims (Read, EJ.), entered October 17, 2001, which, inter alia, granted defendants’ cross motion for summary judgment dismissing the claim.
Claimant pleaded guilty to criminal possession of a controlled substance in the fifth degree and was sentenced to 2V2 to 5 years to be served under parole supervision pursuant to CPL 410.91. He was received at the Department of Correctional Services’ reception center on May 12, 1999, and was transferred to the Willard Drug Treatment Center on June 1, 1999. On August 2, 1999, prior to his original release date, defendant Division of *642 Parole imposed a special condition requiring claimant to reenter the program for 30 days. He consented to this condition and to the extension of his release date to October 5, 1999. On August 26, 1999, however, claimant violated the terms of his parole by not participating in the program and was removed from Willard.
Thereafter, claimant filed a claim alleging false imprisonment. Specifically, claimant asserted that he was illegally detained at the reception center for more than 10 days in violation of GPL 410.91 and that, as a result, his release date at Willard was improperly extended from August 20, 1999 to September 7, 1999. Following service of defendants’ answer, claimant moved to strike the affirmative defenses. Defendants, in turn, cross-moved for summary judgment dismissing the claim on the basis that claimant had caused the release date to be extended by his own conduct. The Court of Claims, among other things, granted defendants’ cross motion and dismissed the claim. This appeal ensued.
CPL 410.91 (1) provides that where a court imposes a sentence of parole supervision, it shall remand the defendant to a reception center operated by the Department of Correctional Services for a period not to exceed 10 days, after which time the defendant shall be transferred to a drug treatment campus. It is undisputed that claimant was held at the reception center for more than 10 days. However, there is nothing in the record to substantiate his claim that this caused him to be held at Willard beyond his original release date. To the contrary, the proof establishes that claimant did not participate in the program and, for that reason, a special condition was imposed requiring him to reenter the program for 30 days and extending his placement beyond the original release date. Claimant agreed to these provisions. He was ousted from Willard prior to completion of the program, however, because of his continuing failure to participate. Thus, any extra time spent in custody was caused solely by claimant’s own failure to successfully complete the drug treatment program. Inasmuch as claimant has not adduced proof establishing that he was harmed by having been held beyond the statutory 10-day period, dismissal of the claim for false imprisonment was proper (compare Akande v City of New York, 275 AD2d 671, 673 [2000]). We have considered claimant’s remaining contentions,. to the extent they are properly before us, and find them unavailing.
Peters, Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.