GORDON PELLEGRINI et al., Respondents, v DUANE READE INC., Appellant, et al., Defendants. [27 NYS3d 564]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered November 5, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to reargue so much of defendant Duane Reade Inc.'s motion for summary judgment as sought to dismiss the causes of action for false arrest and imprisonment and the demand for punitive damages as against it, and, upon reargument, denied Duane Reade's motion, and, upon granting Duane Reade's motion to reargue so much of its motion as sought to dismiss the cause of action for malicious prosecution as against it, adhered to the

original determination, unanimously modified, on the law, to grant Duane Reade's motion for summary judgment as to the cause of action for false arrest and the demand for punitive damages, and otherwise affirmed, without costs.

Duane Reade established prima facie that none of its employees were involved in the decision to arrest plaintiffs (*see Celnick v Freitag*, 242 AD2d 436 [1st Dept 1997]). Although the names are redacted in the New York Police Department file, the details surrounding the incident demonstrate that the individuals listed on the arresting officer's complaint worksheet and referenced in the officer's deposition supporting the indictment were an employee of defendant Sottile Security Co. and a patron of Duane Reade, not an employee of Duane Reade. In opposition, plaintiffs failed to raise an issue of fact.

Duane Reade established that, contrary to plaintiffs' contention, the shift leader and de facto manager on the evening at issue were not "superior officers"—i.e., employees with "a high level of general managerial authority in relation to the nature and operation of [Duane Reade's] business"—whose conduct could be equated with Duane Reade's so as to provide a basis for imposing punitive damages on Duane Reade (*see Loughry v Lincoln First Bank*, 67 NY2d 369, 380-381 [1986]).

As to the malicious prosecution claim, Duane Reade failed to establish prima facie that it did not participate in the continuation of the prosecution of plaintiffs and that there was no actual malice (*see Smith-Hunter v Harvey*, 95 NY2d 191, 195 [2000]). Duane Reade failed to show that the incomplete surveillance videotape that it provided to the District Attorney's Office was a result of either the condition of the original recording device or mere mistake, as opposed to intentional editing in such a way as to permit the inference of actual malice (*compare Ramos v City of New York*, 285 AD2d 284, 301 [1st Dept 2001] [malice inferred where city agency suppressed exculpatory evidence], *with Akande v City of New York*, 275 AD2d 671 [1st Dept 2000] [no malice inferred where field test by United States Customs falsely identified package as containing heroin]). As Duane Reade failed to make a prima facie showing, we need not reach the sufficiency of plaintiffs' opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

We have considered Duane Reade's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Manzanet-Daniels, Kapnick and Webber, JJ.