*579
 
 Desmond, J.
 

 Appellants, Brewery Workers Local Unions of the International Brotherhood of Teamsters, appeal here as of right from a unanimous modification by the Appellate Division, First Department, of a Special Term order. The Special
 
 *580
 
 Term order had granted the motion of petitioners-respondents (five separate brewing corporations) to confirm an award made by an arbitrator and had denied, also, the cross motion of the unions to vacate the arbitration award. The Appellate Division’s modification was merely as to, the title of the proceeding and the designations of defendants but this modification authorizes an appeal to this court as of right (Civ. Prac. Act, § 588, subd. 1, par. [b], cl. [ii]).
 

 The principal law points argued by appellants dispute the authority of the arbitrator to order an injunction against appellants.
 

 Arbitration and adjustment procedures are prescribed by Part V and Part VI of the general collective bargaining agreement between the breweries and the unions and the collective bargaining agreement, among other things, forbids any
 
 “
 
 slowdown ” (or any lockout or strike). On March 1, 1956 the brewery companies, alleging that the unions and the workers were engaging in a slowdown, demanded of the American Arbitration Association that the association proceed immediately with the appointment of an arbitrator and with the scheduling of a hearing to be held within
 
 24
 
 hours. This was a resort to the so-called ‘ ‘ speedy arbitration ’ ’ procedure which is described in the collective bargaining agreement in section 1 (b) of Part VI. Earlier parts of this agreement, being Part V and section 1 of Part VI, describe possible proceedings before an adjustment committee and before a board of arbitration. However, Part VI, in sections 1 (b) and 2, makes it clear that whenever a violation of the prohibition against strikes, slowdowns, etc., is alleged, either party may waive the adjustment and arbitration provisions referred to in earlier parts of the agreement and thereupon the dispute shall be submitted to arbitration within 24 hours after receipt of notice by the American Arbitration Association, and the award in such cases shall be issued not later than 48 hours after the conclusion of the hearing. Those speedy procedures were carried out in this instance with the result that on March 2, 1956, the next day after the companies invoked the speedy procedure, hearings were held before the arbitrator. On March 4, 1956 the arbitrator handed up his opinion and award in which he found that there were slowdowns at the breweries in violation of the agreement. He therefore enjoined the local unions from continuing
 
 *581
 
 the slowdowns and directed the local unions to take necessary-steps to stop the slowdowns.
 

 Besides questioning the poAver of the arbitrator to issue an injunction, the unions, appellants, make two other points: first, that there was failure to comply with a condition precedent to arbitration; and, second, that there was no sufficient proof before the arbitrator that the unions had ordered and conducted a slowdown.
 

 The first and most important question is as to whether the arbitrator exceeded his powers in including an injunction in his aAvard. The collective bargaining agreement does not directly affirm or deny such a power but in general terms authorizes arbitration and says that the arbitrators’ decision
 
 “
 
 shall be final and binding upon all parties to the given dispute ”. However, it is apparent that nothing short of an injunction would have accomplished the evident intent of these parties that there be speedy and immediately effective relief against strikes, lockouts and slowdowns. True, we find no decision in this court confirming an arbitration award containing an injunction but we have upheld awards which commanded employers to rehire or retain employees — that is, mandatory injunctions
 
 (Matter of Devery [Daniels & Kennedy, Inc.],
 
 292 N. Y. 596;
 
 Matter of United Culinary Bar & Grill Employees [Schiffman],
 
 299 N. Y. 577). The whole question is as to the intent of the parties (see
 
 Dodds
 
 v.
 
 Hakes,
 
 114 N. Y. 260). Traditionally, arbitrators have been licensed to direct such conduct of the parties as is necessary to the settlement of the matters in dispute (see 6 Williston on Contracts [rev. ed.], p. 5392
 
 et seq.;
 
 see authorities cited in 5 C. J., Arbitration and Award, p. 131, n. 34, and in 6 C. J. S., Arbitration and Award, p. 225).
 

 On this injunction question, appellants say further that, even if injunctions are not necessarily and always unlawful in arbitration awards, this particular injunction was forbidden by section 876-a of the Civil Practice Act. That well-knoAvn statute forbids the issuance of an injunction by a court or judge in a labor dispute except after the making of findings not made here. This award was confirmed by Special Term (and affirmed by the Appellate Division) and so in the broadest sense, although not in the sense of the statute, the courts have ordered this particular injunction. But, once we have held that this particular employer-union agreement not only did not forbid
 
 *582
 
 but contemplated the inclusion of an injunction in such an award, no ground remains for invalidating this injunction. Section 876-a, like its prototype the Federal Norris-La Guardia Act, was the result of union resentment against the issuance of injunctions in labor strifes. But arbitration is voluntary and there is no reason why unions and employers should deny such powers to the special tribunals they themselves create. Section 876-a and article 84 (Arbitration) are both in our Civil Practice Act. Each represents a separate public policy and by affirming here we harmonize those two policies.
 

 We are cited to certain Federal court cases
 
 (Bull S. S. Co.
 
 v.
 
 Seafarers’ Int. Union,
 
 250 F. 2d 326;
 
 Bull S. S. Co.
 
 v.
 
 National Mar. Engineers’ Beneficial Assn.,
 
 250 F. 2d 332;
 
 Trainmen
 
 v.
 
 Chicago R. & I. R. R. Co.,
 
 353 U. S. 30) but all those decisions construe particular language in particular Federal statutes. None of them control our decision or suggest an answer to our problem.
 

 We next take up the assertion of appellants that this whole arbitration was invalid since, according to them, there was lack of a jurisdictional prerequisite in that there was no compliance with section 1 of Part V, which states in its second paragraph that all disputes shall be settled if possible by agreement and that if not so settled shall be submitted to the adjustment committee. Section 2 of Part V sets up the adjustment committee. Part VI then provides for formal arbitration. Appellants concede that when the ‘ ‘ speedy ’ ’ method of section 1 (b) of Part VI is invoked, the adjustment committee may be by-passed. They insist, however, that a serious effort by the parties to settle disputes by agreement is a necessary preliminary to any arbitration, even of the “ speedy” sort. We do not think that the language of section 1 of Part V admits of this meaning and we are sure that if it did it would produce an impossible result. The obvious purpose of this “ speedy” method of Part VI is to have an immediate arbitration with an immediate decision, a result that was accomplished in this case. To say that the vague general language of paragraph 2 of section 1 of Part V requires that for some indeterminate period there be some unspecified amount of parleying before the
 
 “
 
 speedy ” procedures may be utilized would be a contradiction in terms.
 

 The last position taken by appellants is that there was no proof of a slowdown and no proof that if there were a slow
 
 *583
 
 down it was caused by the unions. However, the transcript in this record of the proceedings before this arbitrator, while containing no common-law proof that there had been a slowdown, does show what amounts to testimony by representatives of all the brewing companies that there had been a slowdown with no denial by the unions. A reading of the transcript shows that this fact was not really in dispute at all and the present contention of appellants that there was no sufficient proof of a slowdown seems to be an afterthought.
 

 The judgment appealed from should be affirmed, with costs.
 

 Chief Judge Conway and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
 

 Judgment affirmed.