Roger L. HILLER and Kenneth A. Hiller, Administrators of the Estate of Louis L. Hiller, Deceased, Plaintiffs,

v.

LIQUOR SALESMEN'S UNION LOCAL NO. 2, Popper-Morson Corporation and The American Distilling Company, Inc., Defendants.

United States District Court
S. D. New York.
Feb. 3, 1964.

Dora Aberlin, New York City, for plaintiffs.

Victor Feingold, New York City, for defendant Liquor Salesmen's Union, Local No. 2.

Van Buren, Schreiber & Kaplan, New York City, for defendant Popper-Morson Corp., Irving J. Seaver, New York City, of counsel.

William Rosenfeld, New York City, for defendant American Distilling Co., Inc.

FREDERICK van PELT BRYAN, District Judge:

The defendants move, pursuant to 9 U.S.C. § 3, for a stay of proceedings pending arbitration in an action brought by the administrators of the Estate of Louis L. Hiller, Deceased, against the Liquor Salesmen's Union Local No. 2, of which the deceased had been a member, and against Popper-Morson Corp. and The American Distilling Company, Inc., by whom the deceased had been em-

ployed. The complaint as amended charges that, with the knowledge, consent and/or connivance of the Union, plaintiffs' decedent had been (1) discharged from his position with American Distilling in violation of a collective bargaining agreement between the Union and American Distilling; (2) subsequently employed by Popper-Morson in violation of its collective bargaining agreement with the Union; and (3) discharged by Popper-Morson in violation of that agreement. As a result of these violations, the complaint alleged, the decedent was deprived of salary payments, commissions and Union benefits in a total amount of $48,860. Jurisdiction is alleged to be conferred by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and by § 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 412.

The defendants' answers deny the material allegations of the complaint and raise several affirmative defenses. In addition, the defendant American Distilling interposes a counterclaim alleging that the decedent fraudulently induced it to pay him approximately $13,000 in severance benefits upon the termination of his employment with it.

Both of the collective bargaining agreements alleged to have been violated provide for the arbitration of certain disputes. Popper-Morson and American Distilling, joined by the Union, claim that the issues raised by plaintiffs are properly referable to arbitration under the terms of the collective bargaining agreements, and move, pursuant to 9 U.S.C. § 3, for a stay of these proceedings pending arbitration. Plaintiffs oppose this motion on the grounds (1) that the collective bargaining agreements do not provide for arbitration of the issues raised; (2) that they are not bound by the agreements to arbitrate between the companies and the Union; (3) that arbitration would be futile since the Union is in complete agreement with the actions of the two companies; and (4) that defendants have waived their rights to arbitration.

Section 3 of the Arbitration Act, 9 U. S.C. § 3, provides that,

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

The basic question here is whether the issues raised by plaintiffs are arbitrable under the terms of the collective bargaining agreements between the Union and the companies, and it rests with the court to decide this question. Atkinson v. Sinclair Refining Co., 370 U. S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962); Livingston v. John Wiley & Sons, 313 F.2d 52 (2 Cir. 1963), cert. granted 373 U.S. 908, 83 S.Ct. 1300, 10 L.Ed.2d 411; Kulukundis Shipping Co., S/A, v. Amtorg Trading Corp., 126 F.2d 978 (2 Cir. 1942).

The gist of the complaint is that plaintiffs' decedent was discharged by American Distilling in violation of its collective bargaining agreement with the Union; that he was subsequently employed and discharged by Popper-Morson in violation of its collective bargaining agreement with the Union; and that these violations took place with the knowledge, consent and/or connivance of the Union.

The arbitration provision in the collective bargaining agreement between American Distilling and the Union provides that,

"4. (A) The employer shall not discharge any salesman without just cause. In the event the employer desires to discharge a salesman, the

reasons for such discharge must be given in writing in duplicate, one to the salesman and one to the union, at least two weeks prior to the proposed date of discharge. In the event that the employer and the union within such two weeks agree in writing that justifiable cause exists for the discharge or dismissal of any such salesman, the salesman may be discharged and that shall terminate the matter. In the event that during such notice period of two weeks there shall be a dispute evidenced by writing between the union and the employer as to whether just cause for the dismissal of such salesman exists, the matter shall be submitted to arbitration as hereinafter stated.

"(D) The only reason which shall constitute just cause for discharge as hereinabove set forth shall be:

1. dishonesty."

■■ Plaintiffs' claim against American Distilling is based on the theory that their decedent did not terminate his employment with American voluntarily, but was coerced into signing a "letter of resignation" in order to cover up the fact that he was being discharged without just cause. American Distilling takes the position that plaintiffs' decedent resigned voluntarily. It is clear that the propriety of a discharge is arbitrable under the above quoted provision. However, the question of whether there was a discharge, as opposed to a voluntary resignation, is not free from doubt. In my view, nevertheless, the issue of the manner in which the employment of plaintiffs' decedent was terminated, as well as the question of whether the termination was for just cause, should be decided by the arbitrators. As the Supreme Court has said, "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, at pp. 582–583, 80 S.Ct. 1347, at pp. 1352–1353, 4 L.Ed. 2d 1409 (1960).

■ The collective bargaining agreement between Popper-Morson and the Union contains a provision for the arbitration of disputes concerning discharges which is the same as that contained in the agreement between American Distilling and the Union, except that the Popper-Morson agreement provides for notice of one week and permits discharge for incompetence as well as for dishonesty. Under this provision, plaintiffs' claim against Popper-Morson for allegedly wrongful discharge of their decedent is plainly arbitrable. It is equally clear, however, that this provision does not require arbitration of plaintiffs' claim that their decedent was hired in violation of the collective bargaining agreement. Popper-Morson argues that arbitration of this claim is required by clause 13(B) of its collective bargaining agreement, which provides that,

"It is understood and agreed that in the event of a dispute between the employer and the union concerning a breach or an alleged breach of this agreement, that before any strike on the part of the union or any lockout on the part of the employer, such dispute shall be submitted to arbitration in the same manner as is set forth more fully in paragraph #4B hereof. [the discharge arbitration clause]."

Plaintiffs' claim that their decedent was hired in violation of the collective bargaining agreement is "a dispute * * * concerning a breach or an alleged breach of this agreement," and is, therefore, arbitrable under clause 13(B).

■■ Plaintiffs argue that, even if their claims are subject to arbitration under the terms of the collective bargaining agreements, they are not bound by the agreements to arbitrate entered into between the companies and the Union. While it is true that the agree-

ments speak of arbitration of disputes between the companies and the Union, rather than between the companies and their employees, it does not follow that an employee can object to arbitration as the means of resolving a dispute over his grievance. The law is well-settled that an employee who seeks redress for alleged violations of a collective bargaining agreement may not by-pass the machinery established by the agreement for the resolution of disputes concerning such violations. Larsen v. American Airlines, Inc., 313 F.2d 599 (2 Cir. 1963). Plaintiffs' argument that they are not bound by the arbitration provisions is, therefore, without merit.

 Plaintiffs also urge that arbitration would be futile since there is no dispute between the companies and the Union. According to the Union, plaintiffs' decedent never complained to it about his treatment by the companies, and it had no knowledge of any violations of the agreements by them. For the purposes of this motion, this version of the facts must be taken to be true. Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 70 F.2d 297 (2 Cir. 1934), aff'd 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935). In the absence of knowledge by the Union of the plaintiffs' claims, it cannot be said that it is in agreement with the companies that the collective bargaining agreements were not violated, or that it will fail to press plaintiffs' claims diligently before the arbitrators. In order to ensure that plaintiffs are adequately represented at the arbitration of their claims, however, I will direct that they be permitted to appear and be heard before the arbitrators.

 Plaintiffs' final argument is that defendants have lost their rights to arbitration by failing to seek arbitration until after the aggrieved employee has died. Considering the fact that plaintiffs' decedent never complained to the Union or to the companies during his lifetime, it is manifestly absurd to suggest that they are in default in seeking arbitration of his grievances. How de-

fendants can have been expected to have requested arbitration of alleged grievances of which they had no knowledge prior to the filing of this suit is beyond me. I conclude, therefore, that they are "not in default in proceeding with such arbitration" within the meaning of the proviso in § 3 of the Arbitration Act. See Kulukundis Shipping Co., S/A v. Amtorg Trading Corp., supra.

 The arbitration clauses in the Union agreements provide that arbitration must be requested during specified periods. Although it appears that the defendants have waived the requirements of these provisions by making the present motion for a stay pending arbitration, the effect, if any, of these provisions on the defendants' rights to arbitration is a question of procedure which is for the arbitrators to determine. Livingston v. John Wiley & Sons, supra. Plaintiffs' further claims that their decedent was deprived of seniority rights, wage rights and other benefits bear only on the question of damages arising from the alleged violations of the collective bargaining agreements, and do not affect the arbitrability of those issues.

 Moreover, the question of damages, should it arise, is a matter for the arbitrators to decide. The scope of their authority depends on the intention of the parties to the arbitration agreements, Marchant v. Mead-Morrison Mfg. Co., 252 N.Y. 284, 169 N.E. 386 (1929); Ruppert v. Egelhofer, 3 N.Y.2d 576, 170 N.Y.S.2d 785, 148 N.E.2d 129, 70 A.L.R.2d 1048 (1958), and it is settled that general arbitration clauses authorize the awarding of damages by the arbitrators. Marchant v. Mead-Morrison, supra; Kulukundis Shipping Co., S/A v. Amtorg Trading Corp., supra. While the agreements here do not specifically state that the arbitrators shall have power to award damages, there is no indication that the parties intended to have the merits of a grievance and the damages flowing therefrom determined by different persons in different proceedings. Cf. Publishers' Ass'n of New York City v. New York Stereotypers' Union Number One, 8 N.Y.

2d 414, 418, 208 N.Y.S.2d 981, 171 N.E. 2d 323 (1960). "Traditionally, arbitrators have been licensed to direct such conduct of the parties as is necessary to the settlement of the matters in dispute." Ruppert v. Egelhofer, supra, 3 N.Y.2d at p. 581, 170 N.Y.S.2d at p. 788, 148 N. E.2d at p. 132. In the absence of clear language in the agreements to the contrary, they must be construed to authorize the award of damages by the arbitrators. Cf. Marchant v. Mead-Morrison, supra; Publishers' Ass'n of New York City v. New York Stereotypers' Union, supra.

Since plaintiffs' claims are properly referable to arbitration under the terms of the collective bargaining agreements, and since defendants are not in default in seeking arbitration, all proceedings in this action will be stayed pursuant to 9 U.S.C. § 3 pending arbitration at which plaintiffs shall be afforded an opportunity to appear and be heard.

Settle order on notice.