OPINION OF THE COURT

Per Curiam.

The Workers’ Compensation Board having properly acquired jurisdiction with respect to an employee’s injuries, the board’s determination that those injuries were accidental and occurred within the course of her employment is binding between the parties under the exclusive remedy and finality provisions of the Workers’ Compensation Law and, even though the employee did not herself apply for or accept benefits, is, until set aside, a bar to an action by the employee against her employer for damages based on intentional tort. Accordingly, the order of the Appellate Division granting summary judgment to defendants should be affirmed, with costs.
This action ¿rises out of an alleged intentional assault on plaintiff Michaeline O’Connor by her coemployee, defendant Midiria, while in the course of their employment at the Seneca Falls Pizza Hut. Plaintiffs allege that late in the evening of September 17, 1978, Midiria locked Mrs. *540 O’Connor in a walk-in cooler located in the parking lot of the restaurant and then turned out the lights, leaving the parking lot in darkness. Mrs. O’Connor freed herself from the cooler, but in attempting to return to the restaurant, she stumbled and fell over the sidewalk curbing, fracturing her ankle and injuring her hip. A report of the injury was submitted to the compensation board by Mrs. O’Connor’s treating physician and by her employer as well.
Mrs. O’Connor and her husband seek to recover compensatory and derivative damages from Midiria and, predicated upon their prior knowledge of Midiria’s propensity for malicious conduct, from Pizza Hut and Michael Kane, the manager of the restaurant, as well. The latter each moved for summary judgment, contending that the action is barred by the Workers’ Compensation Board’s subsequent determination of compensability and that, in any event, plaintiffs failed to state a claim against them in intentional tort. Plaintiffs answered that they neither applied for nor accepted benefits from the compensation board but, instead, elected to pursue their remedy at law and, thus, that the board’s ex parte determination of accidental injury does not bar recovery of damages.
Special Term denied defendants’ motions. The Appellate Division reversed, granted the motions and dismissed the complaint, holding the board’s determination of accidental injury conclusive and binding on the court.* We now affirm.
In Werner v State of New York (53 NY2d 346), where claimant applied for and received workers’ compensation death benefits, we held that she was barred by the exclusive remedy and finality provisions of the Workers’ Compensation Law from maintaining a wrongful death action against the deceased worker’s former employer. Although the present case arises in a slightly different factual context, the legal issue is the same. For here, as in Werner, the board rendered a determination of “accident, notice and causal relationship * * * for the injury.” Plaintiff Michael - ine O’Connor had notice that the employer’s report had *541 been filed and that board claim proceedings had been scheduled. The board’s determination is binding between the parties not only because of sections 11, 23 and 29 of the Workers’ Compensation Law, but also on settled principles of res judicata which apply to administrative determinations when the agency is acting, as does the compensation board, in a quasi-judicial capacity (Werner, supra, at p 353). To permit further adjudication of the question after the board has made an award would be inconsistent with the statutory mandate that the compensation remedy be exclusive as to the employer and that the board’s decision be conclusive.
Plaintiffs argue, however, citing Jones v State of New York (33 NY2d 275), that where an employee elects to pursue his common-law remedy for intentional tort, the employer should be estopped from filing a compensation claim on the employee’s behalf. This contention misconceives the purpose of an employer’s report of injury, which is to protect both the employer and the employee. The quid pro quo for the “swift and sure source of benefits to the injured employee” (O’Rourke v Long, 41 NY2d 219, 222) is the limitation of the employer’s liability for work-related accidents to compensation (O’Rourke, supra). Whether the employee or the employer first brings the injury to the attention of the board, a finding by the board that the injury is compensable is, until set aside, a final and conclusive determination which bars an action at law.
It should be noted, however, that an employee is not without protection when the employer reports the injury. Under section 20 of the Workers’ Compensation Law an employee who wishes to contest compensability on the ground that the injury was intentional rather than accidental may do so before the board by demanding a hearing. Nor is Michaeline O’Connor, despite her failure to raise the issue before the board, entirely foreclosed, for she may still apply to the board pursuant to section 123 for a change in its determination. What she may not do is undermine the conclusiveness of the board’s determination and the exclusivity of the compensation remedy by collateral attack in an action such as this.
*542 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [b]), order affirmed, with costs.

 It noted further that defendants would, in any event, be entitled to judgment on the merits because plaintiffs’ complaint contained no allegation that Michaeline O’Con-nor’s injury was caused by direct contact or by an intentional or deliberate act of the employer or its manager.