■ JOHN RONECKER, Respondent, v CONSOLIDATED RAIL CORPORATION (CONRAIL) et al., Defendants, and PENNSYLVANIA TRUCK LINES, INC., Appellant.—Order unanimously reversed

on the law without costs and Pennsylvania Truck Lines, Inc.'s motion granted. Memorandum: Special Term erred by denying the motion of defendant Pennsylvania Truck Lines, Inc. (PTL) to dismiss plaintiff's complaint against it. It is undisputed that plaintiff was an employee of PTL on the date that he sustained his injuries, that the Workers' Compensation Board determined that plaintiff's injuries were compensable, that plaintiff did not appeal from or move to vacate that determination, and that plaintiff accepted workers' compensation benefits. This award of compensation acts as a bar to a direct action against PTL (*O'Connor v Midiria*, 55 NY2d 538, 541; *Werner v State of New York*, 53 NY2d 346, 355).

That plaintiff characterizes this as an action commenced pursuant to FELA (Federal Employer's Liability Act) does not alter the above result. Because PTL is not a common carrier by railroad engaged in interstate commerce (45 USC § 51), plaintiff's action may not be pursued against it under FELA. Plaintiff's allegations that he was a joint employee of PTL and Conrail are relevant to his FELA action against Conrail (*see, Kelley v Southern Pac. Co.*, 419 US 318, 324), but do not provide him with a remedy against PTL beyond an award of workers' compensation benefits. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Balio and Lawton, JJ.