■ In the Matter of the Claim of ANAYANSI BLANCHARD, Appellant, v INTEGRATED FOOD SYSTEMS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [632 NYS2d 329] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed June 29, 1993, which ruled, *inter alia*, that the claim did not constitute an exception to the exclusive liability rule set forth in Workers' Compensation Law § 11.

Claimant, then age 16, was employed by a fast food restaurant operated by Integrated Food Systems. On November 8, 1986, she was asked to work the 6:00 P.M. to 11:00 P.M. shift. Claimant was assigned to work the drive-thru window. When claimant's replacement failed to arrive, she sought permission to depart, but was waved off by her supervisor who was involved in an extended and apparently personal conversation. Concerned that she would be discharged if she departed without permission, claimant continued working despite the late hour and the nature of the neighborhood. At approximately 12:30 A.M., claimant was shot during the course of an armed robbery of the drive-thru window.

Contending that her employer had intentionally and recklessly placed her in mortal peril in total disregard for her personal safety and well-being, and characterizing the conduct of her supervisor as extreme and outrageous, claimant sought

---

to have her claim placed outside the exclusive liability limitations of Workers' Compensation Law § 11. The Workers' Compensation Board found that claimant's injury arose out of and in the course of her employment, and that the employer's act in requiring claimant to work past the lawful working hours for minors (*see*, Labor Law former § 173 [1]) did not constitute an exception to Workers' Compensation Law § 11. Claimant appeals.

An employer's liability to an employee under the Workers' Compensation Law is "exclusive and in place of any other liability whatsoever" (Workers' Compensation Law § 11). Intentional conduct and deliberate action, sufficient to meet the exclusivity rule of the Workers' Compensation Law, must be done with the desire to bring about the consequences of the acts (*Acevedo v Consolidated Edison Co.*, 189 AD2d 497, 501, *lv dismissed* 82 NY2d 748; *Finch v Swingly*, 42 AD2d 1035). There must be specific acts directed at causing harm to a particular employee to bring a case within the intentional injury exception (*see*, *Orzechowski v Warner-Lambert Co.*, 92 AD2d 110, 112).

A finding of fact made by the Board is conclusive upon the courts if supported by substantial evidence (*see*, *Matter of Gates v McBride Transp.*, 60 NY2d 670, 671). Here, the Board determined that the employer's act in requiring claimant to work past lawful hours was not deliberate or intentional. We conclude that substantial evidence in the record fully supports this finding. Even if the inattention and neglect of claimant's supervisor rose to the level of gross negligence, and even if his conduct in causing her to work late in an area known to be unsafe can be said to have been reckless (*see*, *Orzechowski v Warner-Lambert Co.*, *supra*), the record is devoid of any evidence of a willful intent to harm claimant. Clearly, such intent cannot be implied by the occurrence of an armed robbery. We have considered claimant's remaining arguments and have rejected them as unpersuasive. Accordingly, the Board's decision should in all respects be affirmed.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.