■ Patricia Braddy et al., Appellants, v 601 Crown Street Corp., Respondent, et al., Defendant. Allcity Insurance Company, Nonparty Respondent. [724 NYS2d 71] —In an action to recover damages for wrongful death and personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Held, J.), dated April 26, 2000, which granted the motion of the nonparty, Allcity Insurance Company, the insurance carrier for the defendant 601 Crown Street Corp., to vacate a judgment of the same court, dated September 16, 1999, entered against that defendant upon its default in answering.

Ordered that the order is affirmed, with costs.

One of the plaintiff's decedents was injured and the other was killed in an apartment building fire on December 6, 1987. The apartment building was owned by the defendant 601 Crown Street Corp. (hereinafter 601 Crown), which was insured by the nonparty Allcity Insurance Company (hereinafter Allcity). While this action to recover damages for wrongful death and personal injuries was pending, Allcity commenced a separate declaratory judgment action in the Supreme Court,

New York County, seeking a declaration that it was not required to defend or indemnify 601 Crown. By judgment entered May 21, 1998, the Supreme Court, New York County, declared that Allcity had no duty to defend or indemnify 601 Crown in this action. Thereafter, counsel for 601 Crown obtained an order of the Supreme Court, Kings County, dated February 22, 1999, allowing it to withdraw as counsel.

The plaintiffs subsequently obtained a judgment against 601 Crown upon its default in answering, after it failed to obtain new counsel in this action. After an inquest was held, the First Department reversed the judgment in the declaratory judgment action and declared that Allcity did have an obligation to defend and indemnify 601 Crown in this action (*see, Allcity Ins. Co. v 601 Crown St. Realty Corp.*, 264 AD2d 315). Allcity then made the instant motion pursuant to CPLR 5015 to vacate the money judgment against 601 Crown.

A determination to vacate a prior order or judgment rests in the sound discretion of the court and will be upheld in the absence of an improvident exercise of that discretion (*see, Epps v LaSalle Bus*, 271 AD2d 400). A court which renders a judgment may relieve a party from it, on motion of any interested party, upon the ground that a prior judgment or order upon which it is based has been reversed (*see,* CPLR 5015 [a] [5]). Since the judgment entered against 601 Crown upon its default was based, in part, on the prior judgment declaring that Allcity had no obligation to defend or indemnify 601 Crown and the prior order allowing counsel to withdraw, the former of which was reversed, the Supreme Court providently exercised its discretion in vacating the judgment against 601 Crown (*see,* CPLR 5015 [a] [5]). Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.