■ Robert Novak, Appellant, v Kenneth Papish et al., Respondents. [756 NYS2d 444] —In an action to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated June 11, 2001, which denied his motion for leave to serve an amended complaint to add a defendant, and directed that discovery be completed and the matter noticed for trial by a date certain.

Ordered that the order is affirmed, without costs or disbursements.

In 1995, the plaintiff commenced this action to recover damages for conversion of a thoroughbred racehorse. In 2000 the plaintiff moved for leave to serve an amended complaint to add a defendant. By order dated August 14, 2000, the Supreme Court granted the motion, authorizing the plaintiff to serve the

amended pleading, along with a copy of the order with notice of entry, within 30 days.

Nothing happened in the case until May 2001, when the plaintiff moved again for the same relief. In support of his motion, the plaintiff claimed that he never received a copy of the order dated August 14, 2000, and that he was disabled by a stroke. By order dated June 11, 2001, the Supreme Court denied the motion, noting that it had been the subject of a prior application which was granted conditionally. The court refused to vacate the plaintiff's default in complying with the condition imposed by the prior order dated August 14, 2000, on the ground that the plaintiff had been "so dilatory in asserting his rights in this overly protracted action."

The determination of whether to vacate a plaintiff's default "rests in the sound discretion of the court and will be upheld in the absence of an improvident exercise of that discretion" (*Braddy v 601 Crown St. Corp.,* 282 AD2d 638, 639 [2001]; *see Epps v LaSalle Bus,* 271 AD2d 400 [2000]). On this record, it cannot be said that the Supreme Court improvidently exercised that discretion. The plaintiff's allegation that he was disabled was not supported by any medical evidence.

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Adams, Townes and Crane, JJ., concur.