(May 20, 2003)

■ DENISE HANFORD, Appellant, v PLAZA PACKAGING CORP. et al., Defendants, and MORTON LANDOWNE, Respondent. [760 NYS2d 31] —Order, Supreme Court, Bronx County (Dianne Renwick, J.), entered March 26, 2002, which, in this action for intentional infliction of emotional distress, granted defendant-respondent's motion for summary judgment dismissing the complaint as against him, affirmed, without costs.

The motion court properly held that since the Workers' Compensation Board had determined plaintiff's injury to be accidental, plaintiff was barred under the doctrine of res judicata from bringing an intentional tort claim against the fellow employee who caused the injury (*see Bardere v Zafir*, 102 AD2d 422, 425 [1984], *affd* 63 NY2d 850 [1984]). To permit further adjudication respecting whether plaintiff's injury was intentionally inflicted after the Board has made a finding to the contrary would not be consonant with the statutory mandate that the Board's decision be conclusive (*see O'Connor v Midiria*, 55 NY2d 538, 541 [1982]). Concur—Buckley, P.J., Sullivan and Lerner, JJ.

Tom and Mazzarelli, JJ., dissent in a memorandum by Tom, J., as follows: Inasmuch as I conclude that plaintiff, by seeking benefits under workers' compensation with respect to her employer, exercised no election of remedies as to the individual defendant under the circumstances of this case, I would reverse and reinstate the complaint against him.

Plaintiff was employed by defendant Plaza Packaging Corp. during 1995 and 1996, at which time she was supervised by defendant Morton Landowne. She alleges that during this period of time, he maintained a pattern of conduct whereby he constantly sexually harassed her. Among the incidents was one on February 27, 1996, when he tried to videotape her in the company locker room while she was showering after having used the company gym. As she prepared to take a shower, she discovered videotape equipment, wrapped in a towel on a shelf. She confronted Landowne, who had been the only other person in the vicinity at the time. He initially denied it but, according

to plaintiff, eventually engaged in a pattern of behavior that could be construed to be close to a concession. In any event, in his affidavit in support of his motion for partial summary judgment in the present proceeding, he has essentially conceded his wrongdoing. When she replayed the tape, she saw herself on it, although, apparently, she had not yet disrobed. Her employers were initially supportive, but she soon realized that no action would be taken against Landowne, who was their top salesperson. She claims several psychological injuries. As a consequence, she left that employment. She applied for workers' compensation benefits on April 2, 1996, specifically alleging psychological injuries resulting from the February 27, 1996 incident. At the April 4, 1996 workers' compensation hearing, the Administrative Law Judge determined that she suffered posttraumatic stress as a consequence of this incident, which was characterized as being accidental.

By summons and verified complaint dated September 10, 1997, plaintiff commenced the present action, sounding in various tort theories against Plaza Packaging, various officers individually, and Landowne. Defendant Landowne answered with affirmative defenses and a counterclaim on or about October 27, 1997. By notice of motion dated April 25, 2001, Landowne moved for summary judgment dismissing those causes of action asserted against him. In his affirmation in support, as noted, and as contrasted with his answer, he essentially conceded plaintiff's claims, though he contended that he had not been acting rationally and, alternatively, that he intended to use the tape as leverage to ensure her repayment of a loan to him. However, he also contended that her election of workers' compensation as a remedy barred subsequent civil remedies against him as a fellow worker. The IAS court concluded that dismissal was required by Workers' Compensation Law § 11, which states that, under the Workers' Compensation Law, "[t]he liability of an employer * * * shall be exclusive and in place of any other liability whatsoever" absent circumstances not present here. Our majority agrees. However, I respectfully note that such a conclusion is a misreading of the statute and its applicability to these circumstances.

Although it has been administratively determined that the placement of the videotape equipment was accidental as regards the employer—a result in which I concur and to which I would, in any event, defer—that finding cannot reasonably be construed, either in its terms or under these facts, to mean that it was accidental as regards this individual defendant. In fact, he concedes that his conduct was intentional, if, in his

view, misguided. It cannot reasonably be maintained that Landowne acted accidentally as regards plaintiff. The question then arises whether he is to be afforded the protection of the coemployee rule.

The Court of Appeals has made clear that in order for a co-employee to have the protection of the exclusivity provision, he or she "must himself have been acting within the scope of his employment and not have been engaged in a willful or intentional tort" (*Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 543 [1980]). The policy reasons for protecting a fellow employee who has been working within the scope of his or her employment simply do not apply to a situation where that fellow employee is neither acting within the scope of employment nor acting merely negligently. In *Maines*, the plaintiff and several individual defendants were firemen. They attended a meeting at the firehouse, during which plaintiff was inducted into the fire department's senior rank, a ceremony that apparently was traditionally accompanied by a hazing ritual. The fellow employees, though ostensibly within an employment context, were roughhousing with the plaintiff, which caused his injuries. Though plausibly not intended to injure him, nevertheless the conduct also plausibly constituted an intentional tort. In any event, the conduct had far departed from the individual defendants' responsibilities as firemen and they were not protected by the exclusivity provisions of the statute. So, too, in the present case: Landowne's employment responsibilities extended to sales and supervision, and clearly did not encompass an attempt to videotape a female coworker as she undressed and showered, and even if his motivation is accepted at face value—using the videotape to recover on a loan—this, too, so far departed from his employment responsibilities as to negate the policy reasons for the statutory protection. As noted by the Court of Appeals in *Maines* (at 545), citing to one of our own older decisions (*Mazarredo v Levine*, 274 App Div 122, 126-127 [1948]), nothing in the statute was intended to provide a defense to the perpetrator of an intentional tort but, rather, the statute was intended to protect a fellow employee from the consequences of negligence occurring during employment. More significantly, "[t]he commission of an assault by one employee upon another in the course and arising out of the employment may properly be deemed accidental from the standpoint of the employer as an untoward event not expected or intended. The same, however, can hardly be said for the perpetrator of the assault. It seems unreasonable to suppose that the Legislature intended to give statutory protection in the form of immunity from suit for a deliberate and intentional wrongful act" (*Maines*,

*supra* at 545, quoting *Mazarredo, supra* at 127). The application of that very logic to the present case is inescapable. We need not disturb the administrative determination that the act was accidental from the standpoint of the employer, in order to conclude that it was intentionally done by the fellow employee. By similar reasoning res judicata logically ought not bar the present action when the finding of accidental causation had applied to the employer rather than to the coemployee intentional tortfeasor, whose liability is predicated on a completely different legal theory (*cf. Bardere v Zafir*, 102 AD2d 422 [1984], *affd* 63 NY2d 850 [1984]). Notably, recent case law recommends caution when a party seeks to avail himself of issue preclusion to bar judicial proceedings on the basis of administrative determinations when different issues and different legal theories may be involved (*Jeffreys v Griffin*, 301 AD2d 232 [2002]). Accordingly, I would reverse and reinstate the complaint as against defendant Landowne.