OPINION OF THE COURT
 

 R.S. Smith, J.
 

 The issue presented is whether an action for an intentional tort is barred by the plaintiffs receipt of workers’ compensation benefits where both parties were employees of the same firm, but the defendant’s alleged misconduct arose from purely personal motives and was not in furtherance of the employer’s business. We answered this question in the negative in
 
 Maines v Cronomer Val. Fire Dept.
 
 (50 NY2d 535 [1980]), and
 
 Maines
 
 compels a reversal here.
 

 Denise Hanford brings this action against Morton Landowne,
 
 [1]
 
 alleging that Landowne concealed a video camera in a locker room on the premises of their employer, in an unsuccessful at
 
 *350
 
 tempt to tape Hanford, while she changed her clothes. Hanford’s complaint charges Landowne with violations of the New York Human Rights Law, intentional infliction of emotional distress, and discrimination and sexual harassment “as prima facie tort.” Hanford applied for and received workers’ compensation benefits arising out of the incident.
 

 Supreme Court dismissed Hanford’s action against Landowne on the basis of the exclusivity provisions of the Workers’ Compensation Law, and the Appellate Division affirmed, two Justices dissenting. Inexplicably, the Appellate Division majority opinion does not cite
 
 Maines,
 
 though the dissent points out that it is this Court’s leading decision on the subject.
 

 Maines
 
 was an action by a firefighter against fellow firefighters who had thrown him into a garbage dumpster as a prank. The defendant firefighters moved to dismiss under the Volunteer Firefighters’ Benefit Law; section 20 of that law incorporates by reference Workers’ Compensation Law § 29.
 
 [2]
 
 Section 29 (6) of the Workers’ Compensation Law provides in part: “The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured ... by the negligence or wrong of another in the same employ . . . .” In
 
 Maines,
 
 we held this provision inapplicable, saying:
 

 “[T]he words ‘in the same employ’ as used in the Workers’ Compensation Law are not satisfied simply because both plaintiff and defendant have the same employer; a defendant, to have the protection of the exclusivity provision, must himself have been acting within the scope of his employment and not have been engaged in a willful or intentional tort.” (50 NY2d at 543.)
 

 Maines
 
 is indistinguishable from this case, and Landowne does not attempt to distinguish it. He does argue that
 
 Maines
 
 has been “narrowed” in subsequent cases, but his argument is ill-founded.
 

 Landowne relies on
 
 Werner v State of New York
 
 (53 NY2d 346 [1981]) and
 
 O’Connor v Midiria
 
 (55 NY2d 538 [1982]). In those cases we held that, where the Workers’ Compensation Board
 
 *351
 
 has determined that certain injuries were suffered accidentally and in the course of employment, a subsequent action
 
 against the employer
 
 for an intentional tort based on the same event is barred by the exclusive remedy and finality provisions of the Workers’ Compensation Law, and by principles of res judicata. In
 
 O’Connor
 
 we also dismissed an action against a supervisory employee of the same employer, who was not himself accused of intentional misconduct, but was sued on the theory that he knew of the offender’s “propensity” for such misconduct (55 NY2d at 540).
 

 Neither in
 
 Werner
 
 nor in
 
 O’Connor
 
 did we contradict or question the holding of Maines—that an employee who commits an intentional tort outside of the scope of his employment is not protected by Workers’ Compensation Law § 29. We explained in
 
 Maines,
 
 as the Appellate Division dissent notes, that the same event may be “accidental” from the employer’s point of view (thus justifying a workers’ compensation award) and intentional from the point of view of the perpetrator. Thus there is no tension between the holding of
 
 Maines
 
 and the holding of
 
 Werner
 
 and
 
 O’Connor.
 
 Indeed, we noted in
 
 Werner,
 
 with a citation to
 
 Maines:
 
 “[I]t is clear that subdivision 6 of section 29 of the Workers’ Compensation Law does not bar an employee who has accepted compensation benefits from suing a coemployee who has committed an intentional assault upon him . . ..” (53 NY2d at 351 n 1.)
 

 Under
 
 Maines,
 
 Hanford’s complaint against Landowne was erroneously dismissed.
 
 [3]
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, the complaint reinstated against defendant Landowne and the certified question answered in the negative.
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo and Read concur.
 

 Order reversed, etc.
 

 [1]
 

 . Hanford’s claims against other defendants are not in issue on this appeal.
 

 [2]
 

 . We noted in
 
 Maines
 
 that the relevant provisions of the Volunteer Firefighters’ Benefit Law and the Workers’ Compensation Law were different in some respects, but we expressly declined to predicate our ruling in
 
 Maines
 
 on the differences.
 

 [3]
 

 . This does not mean, of course, that Hanford can recover twice for the same injuries. To the extent that she recovers damages from Landowne her recovery may be subject to recoupment by the workers’ compensation carrier, as with any recovery by a workers’ compensation claimant against a third party.
 
 (See
 
 Workers’ Compensation Law § 29 [1].)