■ SLAVKA DUPKANICOVA, Respondent, v VASILOFF JAMES, Appellant. [793 NYS2d 512]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered July 6, 2004, as granted that branch of the plaintiff's motion which was pursuant to CPLR 5015 (a) (5) to vacate a prior order of the same court dated June 3, 2002, granting, without opposition, the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by the defendant as a domestic employee less than 40 hours per week when she fell from a ladder and sustained bodily injuries. The defendant reported the accident to his insurance carrier. Notwithstanding that the plaintiff did not file a claim for workers' compensation benefits, the adjuster exercised his discretion and extended benefits to the plaintiff. Thereafter, the plaintiff availed herself of workers' compensation benefits. On August 15, 2001, the Workers' Compensation Board determined that the plaintiff was entitled to benefits under Workers' Compensation Law § 10. A finding by the Worker's Compensation Board (hereinafter the Board) that an "injury is compensable is, until set aside, a final and conclusive determination which bars an action at law" (*O'Connor v Midiria,* 55 NY2d 538, 541 [1982]). On June 16,

2003, upon the plaintiff's application, the Board issued a decision that the plaintiff was not entitled to workers' compensation benefits relating to the subject accident. That decision by the Board removed the foundation for the Supreme Court's order dated June 3, 2002, granting the defendant's unopposed motion for summary judgment dismissing the complaint on the basis that workers' compensation benefits were the plaintiff's exclusive remedy (see Workers' Compensation Law §§ 11, 23, 29; see O'Connor v Midiria, supra).

The Supreme Court has the express power to vacate an order upon the application of any party upon "such terms as may be just" where there is "reversal, modification or vacatur of a prior judgment or order upon which it is based" (CPLR 5015 [a] [5]) and such reversal, modification, or vacatur "will be upheld in the absence of an improvident exercise of that discretion" (Braddy v 601 Crown St. Corp., 282 AD2d 638, 639 [2001]; see Matter of Jericho Union Free School Dist. No. 15, Town of Oyster Bay v Board of Assessors of County of Nassau, 131 AD2d 482, 483 [1987]; cf. Cervino v Konsker, 91 AD2d 249, 253 [1983]). Since the Board was sitting in a quasi-judicial capacity, its determinations are binding between the parties (see Worker's Compensation Law §§ 11, 23, 29), and are entitled to recognition by the courts "on settled principles of res judicata" (O'Connor v Midiria, supra at 541, citing Werner v State of New York, 53 NY2d 346, 353 [1981]; see Decavallas v Pappantoniou, 300 AD2d 617, 619 [2002]; Calhoun v Big Apple Wrecking Corp., 162 AD2d 574 [1990]).

In light of the legal significance of a determination by the Board, such determination is analogous to a "judgment or order" noted in CPLR 5015 (a) (5), so that the subdivision is applicable here.

Under the circumstances, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 5015 (a) (5) to vacate the order dated June 3, 2002. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.