■ In the Matter of RAPHAEL GROSSMAN et al., Appellants, v YAAKOV AARON ILOWITZ et al., Respondents. (Proceeding No. 1.) In the Matter of YAAKOV AARON ILOWITZ et al., Respondents, v RAPHAEL GROSSMAN et al., Appellants. (Proceeding No. 2.) [898 NYS2d 621]—

In related proceedings pursuant to CPLR article 75 to confirm an arbitration award dated August 4, 2005, which, inter alia, awarded Israel Grossman the sum of $500,000 payable by Yaakov Aaron Ilowitz and Israel Chaim Ilowitz and enjoined Israel Grossman from engaging in certain activities against Yaakov Aaron Ilowitz and Israel Chaim Ilowitz (proceeding No. 1), and to confirm an arbitration award dated May 29, 2007, which, upon a finding that Israel Grossman violated the injunction, vacated the arbitration award in the sum of $500,000 (proceeding No. 2), Raphael Grossman and Israel Grossman appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated May 22, 2008, which (1) granted that branch of the motion of Yaakov Aaron Ilowitz and Israel Chaim Ilowitz which was to vacate an order entered May 24, 2006, confirming the arbitration award dated August 4, 2005, and a judgment entered June 7, 2006, thereon, and denied the appellants' motion to compel compliance with that order and judgment, and (2) granted the motion of Yaakov Aaron Ilowitz and Israel Chaim Ilowitz to confirm the arbitration award dated May 29, 2007, and denied the appellants' motion to vacate that arbitration award.

Ordered that the order dated May 22, 2008, is affirmed, without costs or disbursements.

The appellants contend that the arbitrators exceeded their

powers in granting injunctive relief in the award dated August 4, 2005, and in enforcing that injunction in the subsequent award dated May 29, 2007, which forfeited their monetary award based upon the violation of that injunction. The Court of Appeals has ruled that "[s]uch an excess of power occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). "[T]he public policy exception to an arbitrator's power to resolve disputes is extremely narrow," and applies if the law prohibits determination of the matter by arbitration, or where the award violates well-settled constitutional, statutory or common law of the State (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 80 [2003]).

An arbitration award may grant injunctive relief (*see Matter of Staklinski [Pyramid Elec. Co.]*, 6 NY2d 159 [1959]; *Matter of Ruppert [Egelhofer]*, 3 NY2d 576 [1958]; *Matter of Board of Educ. of Dover Union Free School Dist. v Dover-Wingdale Teachers' Assn.*, 95 AD2d 497, 502 [1983], *affd* 61 NY2d 913 [1984]; *Matter of Board of Educ. of Westmoreland Cent. School Dist. [Westmoreland Teachers Assn.]*, 58 AD2d 228 [1977]). Further, the granting of such relief in this case was not beyond the scope of the broad arbitration agreement signed by the parties.

Once the arbitrators correctly vacated the monetary award, the Supreme Court properly vacated the order and judgment confirming that monetary award pursuant to CPLR 5015 (a) (5) (*see Dupkanicova v James*, 17 AD3d 627 [2005]).

The parties' remaining contentions are without merit. Covello, J.P., Miller, Balkin and Chambers, JJ., concur.