Smith v Park (2020 NY Slip Op 03583)





Smith v Park


2020 NY Slip Op 03583


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

529585

[*1]Vicky Smith, Individually and as Administrator of the Estate of Alex Smith, Deceased, Appellant,
v
Luke M. Park et al., Respondents.

Calendar Date: May 22, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Aaron Mark Zimmerman, Syracuse, for appellant.
Mackenzie Hughes LLP, Syracuse (Jennifer D. Caggianno of counsel), for respondents.



Devine, J.
Appeal from an order of the Supreme Court (Guy, J.), entered June 4, 2019 in Cortland County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.
In July 2015, 14-year-old Alex K. Smith (hereinafter decedent) died in an unwitnessed incident while operating a skid steer owned by the Park Family Farm (hereinafter the Farm). Plaintiff, decedent's mother, sought workers' compensation death benefits in 2016, and the claim was established for an accidental injury. The Workers' Compensation Board ultimately determined that the Farm was illegally employing the minor decedent and that it had workers' compensation insurance coverage at the time of his demise. The Board further directed that an increased death benefit be paid as a result of the illegal employment and that the Farm bear the cost of the excess amount (see Workers' Compensation Law § 14-a). Plaintiff appealed, challenging the finding that the Farm was insured, and this Court affirmed (Matter of Smith v Park, 161 AD3d 1426 [2018]).
In addition to her efforts before the Board, plaintiff commenced this 2017 action seeking damages, both as an individual and as administrator of decedent's estate, for decedent's death. Relevant here is the eighth cause of action alleging that defendant Luke M. Park (hereinafter Park) — a partner in the Farm — had engaged in criminal conduct that was related to decedent's employment and led to his death. Defendants answered and asserted various affirmative defenses. Plaintiff subsequently moved for summary judgment on the eighth cause of action, while defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion and dismissed the complaint, finding that workers' compensation benefits were plaintiff's exclusive remedy pursuant to Workers' Compensation Law § 11. Plaintiff appeals, focusing solely upon the eighth cause of action and arguing that Park's conduct brought this case within an exception to Workers' Compensation Law § 11.
We disagree and affirm. Inasmuch as the Board had already "determined that [decedent's] injuries were suffered accidentally and in the course of employment" for the Farm, the claim that the Farm or its employees are liable "for an intentional tort based on the same event is barred by the exclusive remedy and finality provisions of the Workers' Compensation Law, and by principles of res judicata" (Hanford v Plaza Packaging Corp., 2 NY3d 348, 350-351 [2004]; see Workers' Compensation Law §§ 11, 29 [6]; O'Connor v Midiria, 55 NY2d 538, 540-541 [1982]; Werner v State of New York, 53 NY2d 346, 351-355 [1981]; McKay v Ciani, 280 AD2d 808, 810 [2001], lv denied 96 NY2d 713 [2001]; Orzechowski v Warner-Lambert Co., 92 AD2d 110, 116-117 [1983]). Even if the Board's decision did not have preclusive effect, however, Supreme Court properly rejected the contention that Park engaged in "deliberate acts . . . to injure [decedent] or to have him injured" so as to bring this case within an exception to the exclusivity provisions of the Workers' Compensation Law (Orzechowski v Warner-Lambert Co., 92 AD2d at 112; see Matter of Blanchard v Integrated Food Sys., 220 AD2d 895, 896 [1995]). The record reflects that decedent used the skid steer without anyone's knowledge and that, following the investigation into decedent's death, Park pleaded guilty to willful failure to pay unemployment insurance contributions (see Labor Law § 633), endangering the welfare of a child (see Penal Law § 260.10) and prohibited employment of a minor (see Labor Law § 133). It could be inferred from those facts that Park was negligent in failing to supervise decedent, or even reckless in exposing decedent to dangerous work that his age left him unsuited for, but not that Park acted out of a "willful intent to harm" decedent, as required (Matter of Blanchard v Integrated Food Sys., 220 AD2d at 896; see Orzechowski v Warner-Lambert Co., 92 AD2d at 113). Park further denied harboring that intent, averring that he viewed decedent as a son, tried to protect decedent from the dangerous aspects of farm work and never had, or would have, allowed decedent to use the skid steer. Plaintiff did not raise a material question of fact in response and, thus, Supreme Court properly granted defendants' cross motion for summary judgment.
Garry, P.J., Lynch, Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.