Hall v Deutsche Bank Natl. Trust Co. (2025 NY Slip Op 04768)

Hall v Deutsche Bank Natl. Trust Co.

2025 NY Slip Op 04768

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-09146
 (Index No. 8116/15)

[*1]Lynden Hall, plaintiff, 
v
Deutsche Bank National Trust Company, etc., respondent; Nadam Properties, Inc., nonparty-appellant.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for nonparty-appellant.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, nonparty Nadam Properties, Inc., appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated June 22, 2023. The order granted the defendant's motion (1) pursuant to CPLR 5015(a) to vacate a judgment of the same court (Johnny Lee Baynes, J.) dated March 24, 2016, which, upon an order of the same court dated December 10, 2015, granting the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant, cancelled and discharged of record a mortgage and barred the defendant from any claim to an interest in the subject mortgage and property, and (2) pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order dated June 22, 2023, is affirmed, with costs.
In 2009, Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF16, Asset-Backed Certificates, Series 2006-FF16 (hereinafter Deutsche Bank), commenced an action (hereinafter the 2009 action) against Lynden Hall, among others, to foreclose a mortgage securing certain real property located in Brooklyn (hereinafter the property). The Supreme Court issued a conditional order of dismissal in the 2009 action, and the 2009 action was subsequently marked dismissed. In June 2015, Hall commenced this action pursuant to RPAPL article 15 against Deutsche Bank to quiet title to the property. In September 2015, Deutsche Bank made a motion in the 2009 action, inter alia, to vacate the conditional order of dismissal. While that motion was pending, Hall moved in this action, among other things, for leave to enter a default judgment against Deutsche Bank and to cancel and discharge of record the mortgage.
In the 2009 action, in an order dated March 2, 2016, the Supreme Court granted Deutsche Bank's motion, inter alia, to vacate the conditional order of dismissal. In a decision and order dated April 12, 2017, this Court affirmed the order dated March 2, 2016 (see Deutsche Bank Natl. Trust Co. v Hall, 149 AD3d 803).
Thereafter, in an order dated July 19, 2017, the Supreme Court granted Deutsche Bank's motion for leave to enter a default judgment against the defendants in the 2009 action, [*2]including Hall. Subsequently, the court granted Deutsche Bank's motion for a judgment of foreclosure and sale, and a judgment of foreclosure and sale was issued on May 20, 2019. In a decision and order dated July 29, 2020, this Court affirmed the order dated July 19, 2017 (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006).
Meanwhile, in this action, on March 24, 2016, a judgment was entered (hereinafter the March 2016 default judgment), which, upon an order dated December 10, 2015, granting Hall's motion, inter alia, for leave to enter a default judgment against Deutsche Bank, cancelled and discharged of record the mortgage and barred Deutsche Bank from any claim to an interest in the mortgage and property. In March 2021, Deutsche Bank moved in this action pursuant to CPLR 5015(a) to vacate the March 2016 default judgment and pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated June 22, 2023, the Supreme Court granted Deutsche Bank's motion. Nonparty Nadam Properties, Inc., Hall's purported successor-in-interest, appeals.
The Supreme Court properly granted, pursuant to CPLR 5015(a)(5), that branch of Deutsche Bank's motion which was to vacate the March 2016 default judgment. The court has the express power to vacate an order or judgment upon the application of any party upon "such terms as may be just" where there is "reversal, modification or vacatur of a prior judgment or order upon which it is based" (CPLR 5015[a][5]) and such vacatur "will be upheld in the absence of an improvident exercise of . . . discretion" (Braddy v 601 Crown St. Corp., 282 AD2d 638, 639; see Dupkanicova v James, 17 AD3d 627, 628). Here, the March 2016 default judgment in this action was based upon the conditional order of dismissal in the 2009 action, which was vacated in March 2016. This Court affirmed the order vacating the conditional order of dismissal (see Deutsche Bank Natl. Trust Co. v Hall, 149 AD3d 803).
Accordingly, there was no basis to cancel and discharge of record the mortgage in this action (see Dupkanicova v James, 17 AD3d at 628; Braddy v 601 Crown St. Corp., 282 AD2d at 639).
The Supreme Court also properly granted that branch of Deutsche Bank's motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The court correctly found that this action was barred by the doctrine of res judicata and, therefore, the complaint was subject to dismissal. "Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913; see Eaddy v US Bank N.A., 180 AD3d 756, 758). "A judgment of foreclosure and sale is final as to all questions at issue between the parties, and concludes all matters of defense which were or could have been litigated in the foreclosure action" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d at 913). Here, a judgment of foreclosure and sale of the property was entered in the 2009 action. The issues raised by Hall in this action were or could have been litigated in the 2009 action, and he is precluded from relitigating them in this action (see Savory v Wells Fargo Bank, NA, 202 AD3d 1019, 1020; Eaddy v US Bank N.A., 180 AD3d at 758).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court